409 So.2d 522 (1982)
Ira A. ERBER, Appellant,
v.
FEDERAL EXPRESS CORPORATION and Department of Labor and Unemployment Security, State of Florida, Unemployment Appeals Commission, Appellee.
No. 81-757.
District Court of Appeal of Florida, Fifth District.
February 10, 1982.
*523 Bill McCabe of Sheperd, McCabe & Cooley, Orlando, for appellant.
James R. Parks and Norman A. Blessing, Tallahassee, for appellee, Unemployment Appeals Com'n.
DAUKSCH, Chief Judge.
This is an appeal from an order of the Unemployment Appeals Commission which denied the appellant unemployment compensation. We have jurisdiction under section 120.68(2), Florida Statutes (1981), and we reverse the order.
Appellant was employed by Federal Express as a fleet supervisor, in charge of vehicle maintenance. One of the employees appellant supervised was caught falsifying his time records. When confronted by appellant and the City Manager of the Orlando Federal Express office, the employee was given the choice of either resigning or being discharged. The employee chose to resign and listed "personal reasons" as the reason for his resignation.
In accordance with company procedure the employee had an "exit interview" with appellant's supervisor who then discovered the "resign or be fired" choice the employee had to make. This supervisor determined appellant had acted improperly in failing to inform the company of the real reason for the termination and in failing to follow proper procedure requiring discussion of planned disciplinary actions with supervisors. On a Friday evening appellant was instructed to reinstate the employee effective that Sunday evening. Upon receiving those instructions appellant called an officer of the company and protested the instructions. That officer said he would look into the matter and discuss it with the appellant on Monday. On Monday the officer told appellant to reinstate the employee, which he did.
Appellant was discharged by Federal Express for misconduct. The statute provides that no unemployment benefits may be received if an employee is discharged for misconduct. Sec. 443.101(1)(a), Fla. Stat. (1981).
Misconduct is defined in the statute as:
`Misconduct' includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of *524 the employee's duties and obligations to his employer.
The commission through its appeals referee found that appellant had violated three orders or procedures of the employer. Quoting from the referee, "Those were: not discussing planned disciplinary action with his supervisor; not informing his supervisors of the real reason for discharge; and failure to reinstate the mechanic immediately. Therefore it can only be concluded that the claimant was discharged for misconduct connected with work."
The referee also found "The (appellant's) actions in attempting to protect the employer's interests by stopping what he felt was falsification of time records is laudable."
We agree with all that the referee found and disagree only in the application of the facts and findings to the statutory law, set out above. In our opinion the actions of the appellant do not amount to such willful and wanton disregard, or culpability or evil design, etc. to warrant a disallowance of unemployment benefits. See Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla.3d DCA 1963). Here the appellant seemed to be acting only in the best interests of the employer and although probably misguided in his actions he was not acting willfully, wantonly or with such a substantial disregard of the employer's interests as to warrant the denial of benefits under the statute. Just because his actions may have warranted his dismissal from employment does not mean he cannot receive unemployment benefits.
The order of the commission is quashed and the commission is directed to award the unemployment benefits to appellant.
ORDER QUASHED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.