427 So.2d 357 (1983)
Doris Ann ARMSTRONG, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Atlas Industrial Service, Inc., Appellees.
No. 82-625.
District Court of Appeal of Florida, Fifth District.
March 2, 1983.
*358 Larry Morgan, of Greater Orlando Area Legal Services, Inc., Orlando, for appellant.
James R. Parks and Norman A. Blessing, Tallahassee, for appellee Unemployment Appeals Com'n.
No appearance for appellee Atlas.
DAUKSCH, Judge.
Upon review it is clear that appellee Atlas Industrial Service, Inc. was justified in terminating appellant from employment on account of her failure to follow company procedures and because she exhibited a disloyalty to her employer. However, it is also clear that her misconduct did not amount to the willful or wanton disregard of employee duty which would support a denial of unemployment benefits. See Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982).
The order of the commission is reversed and the commission is directed to award proper unemployment benefits to appellant.
REVERSED.
SHARP, J., concurs.
BROWNLEE, JACKSON O., Associate Judge, dissents with opinion.
BROWNLEE, JACKSON O., Associate Judge, dissenting:
While it is true that failure to strictly follow company procedure is not sufficient to deny unemployment benefits, disloyalty is, or at least should be. The Appellant's loyalties were obviously to fellow employees over which she had supervisory capacity and not to her employer. The disloyalty is evident by her failure to report a drunken employee, which failure could have caused her employer to lose a very lucrative contract. Secondly, this case is distinguishable from Erber v. Federal Express Corporation, 409 So.2d 522 (Fla. 5th DCA 1982). In the Erber case, the discharged employee was attempting to protect employer's interest although misguided in his efforts.
In the present case, there is no effort to protect employer's interest. Quite to the contrary, Appellant turns over a key to a secured location to a person not authorized to possess the key, a non-discretionary act. It was a disloyal act, as was the failure to report a drunken employee. Disloyalty equates to willful or wanton disregard of employee duty.
The findings and holdings of the Unemployment Appeals Commission should be upheld.