UPCHURCH, Chief Judge,
dissenting:
I respectfully dissent. Appellant, Joe Black, was employed as a laborer for a citrus packing company for eleven years. On a Sunday morning when Black was not scheduled to work, his employer received a call to round up crews for grading oranges damaged by a recent freeze. Black’s employer instructed the crew leader to discharge any workers who refused to work when needed in an emergency. Black’s crew leader stopped by his house to pick him up and Black told him to pick up another worker and to return for him. When the crew leader returned thirty minutes later, Black did not appear. Black’s reason for not appearing, as he recalled it, was that he had gone to mail his income tax return and his crew leader never came back for him.
Black was illiterate and a cursory review of his testimony reflects that he is almost inarticulate. He had been working 7:00 a.m. to 7:00 p.m. five days a week during the freeze emergency. The failure or refusal to respond to an employer’s demand without prior notice or arrangement that an employee immediately report for work, does not support a finding of misconduct as defined in section 443.036(24), Florida Statutes (1985). See Armstrong v. Unemployment Appeals Commission, 427 So.2d 357 (Fla. 5th DCA 1983).