JOHNSON, W.C., Jr., Associate Judge.
Alfonzo Lewis appeals an administrative order of the Florida Unemployment Appeals Commission denying him unemployment compensation benefits. That order upheld the decision of the appeals referee and found it to be in accord with the essential requirements of the law. The appeals referee concluded that Lewis had been discharged for misconduct for purposes of the unemployment compensation law. Section 443.101(1)(a), Fla.Stat. (1989). That law provides that no benefits may be received if an employee is discharged for misconduct.
Lewis was hired in August of 1988 by Florida Power and Light Company as a power plant helper. His duties did not ordinarily include driving for the company and having a driver’s license was not a requirement of his particular job classification. In October 1990, Lewis was charged *319 with driving under the influence of alcohol in an incident that was not work related and occurred while he was off duty. His license was suspended when he refused a breath test and a temporary driving permit was issued.
On November 8, 1990, Lewis was asked by his employer to make an urgent delivery to Jacksonville. He was told that no one else was available to make this high priority delivery. Initially Lewis did not want to make the trip and cited personal reasons. When forced to give a specific reason, he acceded to the request and made the trip which was made without incident. It is worth noting that such a trip would normally be the responsibility of a “truck driver helper” job classification. Lewis was not classified as such but, according to his supervisor, provided relief for that position.
When Lewis reported for work the next day he was immediately confronted by supervisors regarding his license suspension and then advised he was terminated. His explanation was that he thought he had a thirty (30) day temporary license good until his scheduled court appearance.
Misconduct is defined in section 443.-036(26), Florida Statutes (1989) as follows:
(26) Misconduct includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
The decision of the appeals referee included the following in its conclusions of law:
(a) Claimant agreed to drive for the company on November 8, 1990, when he had a suspended license.
(b) Although the claimant may not have known with certainty that his license had been suspended at that time, the claimant was aware that there was some problem with his license.
(c) It was the claimant’s responsibility to take the necessary precautions to see whether there might have been a problem with his license.
(d) It was also the claimant’s responsibility to at least notify the employer that there could be a problem with his license.
(e) It was also the claimant’s responsibility to at least notify the employer that there could be a problem with his license with full knowledge that he might be required at times to drive for the company.
(f) With full knowledge of the company policy requiring that he have a valid driver’s license, the claimant’s decision to jeopardize the company by driving without a valid license represents a substantial disregard of the employer’s interest.
(g) Accordingly, it must be concluded that the claimant was discharged for misconduct connected with his work within the meaning of the law.
The courts have recognized that certain actions of employees, although warranting termination, do not constitute misconduct precluding unemployment compensation. Williams v. Unemployment Appeals Commission, 484 So.2d 89 (Fla. 5th DCA 1986). The crux of this matter and the ultimate issue on appeal is whether the record supports the conclusion that Lewis engaged in such egregious conduct that he is precluded, under Chapter 443, Florida Statutes, from receiving unemployment compensation benefits.
In our review of this record, we do not find any conduct that rises to the level of evincing willful or wanton disregard of the employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect from his employee, whatever they may be. Nor can we find facts that would *320 support finding that the employee’s actions constituted carelessness and negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer.
We further note that while much is made of company policies as a basis for the referee’s decision, there is no evidence in this record to substantiate the existence of those policies except for the generalized statements of two company employees and a company handout flier. And there can be gleaned from the testimony of the plant manager an indication that those policies may have been selectively and not uniformly enforced in each and every instance. Ironically, Lewis’ DUI charges were apparently dismissed according to his letter filed September 80, 1991, which is part of this record.
The validity of the termination per se is not an issue in this case. All we rule on is the denial of unemployment compensation payments and benefits. To deny benefits to the discharged worker in this case who served his company’s emergency interest by delivering goods would be like giving a court martial and bad conduct discharge to a soldier who saved the regiment because he may have violated a regulation in the process.
We therefore hold that there is no competent substantial evidence in this record to support the referee’s finding of misconduct. We find that the referee’s decision is not in accordance with the essential requirements of the law. The order of the Unemployment Compensation Appeals Commission is therefore quashed and this cause is remanded for an award of benefits and such other proceedings consistent with this ruling.
ORDER QUASHED; REMANDED.
COBB, J., concurs.
GRIFFIN, J., dissents, without opinion.