627 So.2d 534 (1993)
Dian L. KELLEY, Appellant,
v.
PUEBLO WHOLESALE COMPANY, INC. and The Florida Unemployment Appeals Commission, Appellees.
No. 93-910.
District Court of Appeal of Florida, Third District.
November 9, 1993.
James Garrity, Tampa, for appellant.
William T. Moore, Tallahassee, for appellees.
Before JORGENSON, LEVY and GODERICH, JJ.
LEVY, Judge.
Ms. Kelley appeals the denial of unemployment benefits. We reverse the denial of *535 benefits because Ms. Kelley's actions did not constitute "misconduct" as defined by Florida Statutes, Section 443.036(26) (1991).
Dian Kelley was employed for over seven years as the cash office manager at an X-tra supermarket owned by Pueblo Wholesale Company. One of Ms. Kelley's job responsibilities was to monitor cash drawer balances and report any discrepancies to the store director. On Wednesday evening, November 4, 1992, Ms. Kelley received a phone call at home from one of the store's cashiers. The cashier informed Ms. Kelley that the cashier's cash drawer was short approximately $400. Upon arriving at work the next morning, Ms. Kelley undertook an investigation in order to find the cause of the discrepancy. After being unable to locate the cause of the discrepancy, Ms. Kelley reported the shortage to the store director at the close of business that day. Ms. Kelley was later terminated for delaying the report of the shortage to the store director.
Ms. Kelley filed for unemployment benefits, which were initially awarded, but then denied by the appeals referee on the grounds that Ms. Kelley was terminated due to "misconduct." See § 443.036(26), Fla. Stat. (1991). This conclusion was affirmed by the commission, and Ms. Kelley now appeals.
At the hearing on this matter, the store director, who had only worked at this store for about two weeks, testified that X-tra had no written policy regarding the timeliness of cash shortage reporting. Moreover, Ms. Kelley, who worked at this store for more than seven years, testified that it had long been her practice to investigate apparent shortages before reporting them, because discrepancies were often due to simple mathematical errors. The delay in reporting the shortage to the store director was entirely due to Ms. Kelley's investigation, which was undertaken in a good faith effort to preserve X-tra's interests and rectify the problem. As such, Ms. Kelley's conduct was clearly not a "willful or wanton disregard" of X-tra's interests, and therefore did not rise to the level of "misconduct" under the statute. § 443.036(26)(a), Fla. Stat. (1991). At worst, her conduct was an exercise of poor judgment, which we have consistently held does not amount to "misconduct." See Rubido v. Brinks, Inc., 601 So.2d 1298 (Fla. 3d DCA 1992); Davis v. Florida Unemployment Appeals Commission, 472 So.2d 800 (Fla. 3d DCA 1985); Woskoff v. Desta Enters., Inc., 187 So.2d 101 (Fla. 3d DCA 1966); Spaulding v. Florida Indus. Commission, 154 So.2d 334 (Fla. 3d DCA 1963).
Reversed.