629 So.2d 1010 (1993)
Judith A. NEMETH, Appellant,
v.
PALM GARDEN OF PORT ST. LUCIE and Florida Unemployment Appeals Commission, Appellees.
No. 93-0258.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
*1011 Frederick D. Hatem, Port St. Lucie, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
PER CURIAM.
Judith Nemeth brings this appeal from an order of the Unemployment Appeals Commission that adopts the appeals referee's factual findings, but rejects the referee's conclusion that appellant is entitled to unemployment compensation benefits. We reverse the order.
Appellant worked for the employer from May 13, 1991, through June 23, 1992, as a dining room manager. On June 23, 1992, her immediate supervisor, the dietary manager, reviewed a routine evaluation with appellant. Appellant, however, refused to sign her evaluation. As a result of appellant's refusal to sign the evaluation, the dietary manager informed her that she must meet with the administrator, who was the dietary manager's immediate supervisor. During a subsequent meeting with both the dietary manager and the administrator, appellant signed the evaluation and received permission to leave the room so that she could write comments in response to same on the evaluation form. Upon reviewing her evaluation, however, appellant became very upset and began crying. She decided to leave work at 4:30 p.m., rather than her scheduled time of 6:30 p.m. Before she left, she informed the individual in charge of the kitchen that she was going to leave and asked that individual to relay the information to her immediate supervisor, the dietary manager. Appellant's former employer evidently had a policy that prior to leaving, an employee must receive permission from their immediate supervisor, unless the immediate supervisor was not on company premises. In that event, the employee must obtain permission from the individual in charge of the kitchen at the time. The dietary manager was on company premises at the time that appellant left work. The appeals referee specifically found that appellant left work without permission from the required individual, but that such behavior did not rise to the level of misconduct. Rather, the act resulted from appellant's poor judgment, exercised in an isolated incident, given appellant's history of perfect attendance and punctuality. The appeals referee thus found appellant entitled to unemployment compensation benefits.
Ordinarily, the Unemployment Appeals Commission does not have to defer to the appeals referee's conclusions of law. The commission has the authority to reverse the referee's decision. See Microfile v. Unemployment Appeals Comm'n, 425 So.2d 1218 (Fla. 2d DCA 1983). However, it may do so only where there is no competent, substantial evidence in the record to support the referee's decision. See Orange Bank v. Unemployment Appeals Comm'n, 611 So.2d 107 (Fla. 5th DCA 1992); Forkey v. Kirsch, P.A. v. Unemployment Appeals Comm'n, 407 So.2d 319 (Fla. 4th DCA 1981). We find competent, substantial evidence in the record to support the appeals referee's findings of fact and conclusions of law. As a result, we reverse the order on appeal and remand with directions to the Unemployment Appeals Commission to reinstate the appeals referee's order and award appellant unemployment compensation benefits.
HERSEY, POLEN and PARIENTE, JJ., concur.