637 So.2d 269 (1994)
Jean S. CASTILLO, Appellant,
v.
SALLY BEAUTY COMPANY, INC. and Unemployment Appeals Commission, Appellees.
No. 93-2512.
District Court of Appeal of Florida, Third District.
April 19, 1994.
James Garrity, Tampa, for appellant.
William T. Moore, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and BASKIN and LEVY, JJ.
*270 PER CURIAM.
In this appeal from a denial of unemployment benefits, we reverse the order of the Florida Unemployment Appeals Commission disqualifying the claimant from receiving benefits, based upon our conclusion that the finding of employee misconduct is not supported by competent substantial evidence.
Florida's unemployment compensation law, Section 443.101(1), Florida Statutes (1993), provides that workers who are discharged because of misconduct, are disqualified from receiving unemployment benefits. "Misconduct" is defined in Section 443.036(26), Florida Statutes (1993), as either:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
In the present case, the isolated incident complained of, was that the employee violated the company lunch break policy by having her hair treated on company premises and, partially, on company time. Such conduct does not evince that type of willful or substantial disregard of the employer's interests which rises to the level of misconduct as defined in Section 443.036(26). See Kelley v. Pueblo Wholesale Company, 627 So.2d 534 (Fla. 3d DCA 1993); Nelson v. Burdines, Inc., 611 So.2d 1329 (Fla. 3d DCA 1993); Spaulding v. Florida Indus. Commission, 154 So.2d 334 (Fla. 3d DCA 1963).
Reversed.