PER CURIAM.
King, a Walgreen’s cashier of several years standing, was summarily discharged and then, in this proceeding, deprived of unemployment compensation benefits because, on two occasions (in the interest of “customer relations”), he had applied a coupon issued for a refund by one cigarette company to a customer’s purchase of another brand. Contrary to the conclusion reached below, we find that these actions — from which King did not benefit and his employer Walgreen did not suffer, and which had been the occasion of no previous warning or reprimand — as a matter of law did not amount to disqualifying “misconduct.” § 443.036(26), Fla.Stat. (1991); Castillo v. Sally Beauty Co., — So.2d-(Fla. 3d DCA Case no. 93-2512, opinion filed, April 19,1994); Kelley v. Pueblo Wholesale Co., 627 So.2d 534 (Fla. 3d DCA 1993); Nelson v. Burdines, Inc., 611 So.2d 1329 (Fla. 3d DCA 1993); Benitez v. Girlfri-day, Inc., 609 So.2d 665 (Fla. 3d DCA 1992); Adams v. Burdines, Inc., 600 So.2d 1233 (Fla. 3d DCA 1992); Cotton v. Unemployment Appeals Comm’n, 482 So.2d 582 (Fla. 5th DCA 1986); Woskoff v. Desta Enters., 187 So.2d 101 (Fla. 3d DCA 1966); Spauld-ing v. Florida Indus. Comm’n, 154 So.2d 334 (Fla. 3d DCA 1963). Accordingly, the order below is reversed with directions to afford the appellant the benefits claimed.