PER CURIAM.
Joseph W. LaRocca timely appeals an order of the Unemployment Appeals Commission affirming the appeals referee’s decision to deny LaRoeca’s claim for unemployment compensation benefits. Based on the uncon-troverted evidence in this case, we conclude that, as a matter of law, LaRocca was discharged for an isolated act involving poor judgment rather than misconduct as defined by Chapter 443 of the Florida Statutes.[1] See Lewis v. Unemployment Appeals Commission, 598 So.2d 318 (Fla. 5th DCA 1992); Pallas v. Unemployment Appeals Commission, 578 So.2d 487 (Fla. 5th DCA 1991); Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982). See also Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993); Nelson v. Burdines, Inc., 611 So.2d 1329 (Fla. 3d DCA 1993); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992). Cf. Orange Bank v. Unemployment Appeals Commission, 611 So.2d 107 (Fla. 5th DCA 1992), rev. denied, 621 So.2d 1066 (Fla. 1993); Lake County Sheriffs Department v. Unemployment Appeals Commission, 478 So.2d 880 (Fla. 5th DCA 1985); Sears, Roebuck & Co. v. Unemployment Appeals Commission, 463 So.2d 465 (Fla. 2d DCA 1985). Accordingly, we reverse and remand this cause for entry of an order granting La-Rocca’s claim for unemployment compensation benefits.
REVERSED and REMANDED.
COBB, W. SHARP and DIAMANTIS, JJ., concur.

. See § 443.101(l)(a), Fla.Stat. (Supp.1992); § 443.036(26), Fla.Stat. (1991).