647 So.2d 1004 (1994)
Paul W. BROWNSTEIN, Appellant,
v.
HARTWELL ENTERPRISES, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 94-1047.
District Court of Appeal of Florida, Third District.
December 21, 1994.
*1005 James Garrity, Tampa, for appellant.
William T. Moore, Tallahassee, for appellee.
Before HUBBART, GERSTEN, and GREEN, JJ.
PER CURIAM.
Appellant, Paul Brownstein, appeals from a denial of unemployment compensation benefits. We affirm.
Brownstein was employed for one and a half years as a salesman. He requested time to conduct personal business in Quito, Ecuador. The employer granted him one week of personal time and then requested that he stay one additional week to visit prospective customers in three Ecuadorian cities, Quayaquil, Cuenca and Manta.
When Brownstein returned from Ecuador, he told his employer that his personal business took longer than expected and he could only call on three prospective companies in Quito. However, during the week in which Brownstein was to be conducting company business, Brownstein neither called nor notified the employer concerning his change in plans.
The employer fired Brownstein for not making the agreed upon business leads. At the hearing, no evidence was presented of any prior incidents involving Brownstein. The appeals referee noted that an employer has the right to expect employees to perform duties as assigned, and found that Brownstein was specifically instructed to test the market in three cities, yet chose to attend to personal business instead. Therefore, the referee held that Brownstein was discharged for misconduct connected with work. The Unemployment Appeals Commission upheld the referee's decision, and Brownstein appeals.
Section 443.101(1)(a), Florida Statutes (1993), provides that an individual shall be disqualified from receiving unemployment benefits upon a discharge by the employer for misconduct connected with work. Such misconduct includes: "(a) [c]onduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or (b) [c]arelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer." § 443.036(26), Fla. Stat. (1993).
In general, mere unsatisfactory work performance will not result in a denial of benefits. Doyle v. Florida Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994); Spaulding v. Florida Indus. Comm'n, 154 So.2d 334 (Fla. 3d DCA 1963). A single act of negligence is also insufficient to prove misconduct, Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993); Adams v. Burdines, Inc., 600 So.2d 1233 (Fla. 3d DCA 1992); Johnson v. Florida Unemployment Appeals Comm'n, 513 So.2d 1098 (Fla. 3d DCA 1987), as is a single act of bad judgment. Nemeth v. Palm Garden of Port St. Lucie, 629 So.2d 1010 (Fla. 4th DCA 1993), review denied, 639 So.2d 984 (Fla. 1994); Nelson v. Burdines, Inc., 611 So.2d 1329 (Fla. 3d DCA 1993); Kelley v. Pueblo Wholesale Co., Inc., 627 So.2d 534 (Fla. 3d DCA 1993).
However, where, as here, the employee does not perform an agreed-upon weeklong *1006 assignment and makes no effort to communicate with the employer regarding a change in plans, the willful disregard of the employer's interest constitutes disqualifying misconduct. See Dorisma v. Florida Unemployment Appeals Comm'n, 544 So.2d 1110 (Fla. 3d DCA 1989); National Ins. Svcs., Inc. v. Florida Unemployment Appeals Comm'n, 495 So.2d 244 (Fla. 2d DCA 1986), Kraft, Inc. v. State, Unemployment Appeals Comm'n, 478 So.2d 1183 (Fla. 2d DCA 1985). We, therefore, affirm the Commission's ruling finding employee misconduct as a matter of law.
Affirmed.