PER CURIAM.
Claimant appeals an order affirming the denial of unemployment compensation benefits. We reverse. Claimant was discharged for changing her time card to reflect that she clocked in at 6.0 rather than 6.1. The uncontroverted evidence reveals that claimant arrived at the time clock; that the time clock “clicked over” from 6.0 to 6.1 while claimant was standing there looking for her glasses in order to find her time card; and that she changed the time on the card from 6.1 from 6.0.[1] Her action reflects a single act of bad judgment insufficient to constitute misconduct. “[A]n isolated infraction of company policy with no warnings ... supports] a finding of poor judgment, rather than misconduct of such a magnitude as to amount to a sacrifice of unemployment compensation.” Bulkan v. Florida Unemployment Appeals Comm’n, 648 So.2d 846 (Fla. 4th DCA 1995); LaRocca v. Unemployment Appeals Comm’n, 643 So.2d 1199 (Fla. 5th DCA 1994); Doyle v. Florida Unemployment Appeals Comm’n, 635 So.2d 1028 (Fla. 2d DCA 1994); Nemeth v. Palm Garden of Port St. Lucie, 629 So.2d 1010 (Fla. 4th DCA 1993), review denied, 639 So.2d 984 (Fla.1994); Kelley v. Pueblo Wholesale Co., Inc., 627 So.2d 534, 535 (Fla. 3d DCA 1993) and cited cases; Nelson v. Burdines, Inc., 611 So.2d 1329 *409 (Fla. 3d DCA 1993); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992). We note that the Commission concedes that section 443.101(9)(b), Florida Statutes (1993), which provides for denial of benefits if claimant is “terminated from work for any dishonest act in connection with his work,” was not invoked in this case.
Reversed and remanded.

. The time card is stamped 6.0 when the time clock reads 5:58 a.m. until 6:02 a.m. When the clock reads 6:03 a.m., the card is stamped 6.1.