689 So.2d 1206 (1997)
Susan GROSSMAN, Appellant,
v.
J.C. PENNEY COMPANY 2071 and Florida Unemployment Appeals Commission, Appellees.
No. 96-2643.
District Court of Appeal of Florida, Third District.
March 12, 1997.
*1207 Susan Grossman, in pro. per.
John D. Maher, Tallahassee, for Appellee Florida Unemployment Appeals Commission.
Before GERSTEN, GREEN and SHEVIN, JJ.
PER CURIAM.
Appellant, Susan Grossman, appeals a final order disqualifying her from receiving unemployment benefits due to misconduct connected with work. We reverse.
Grossman worked approximately two and one-half years as a sales clerk for appellee, J.C. Penney Company, prior to her discharge for making store purchases while on a paid break in violation of store policy. Grossman's denial of unemployment benefits was subsequently affirmed by the Unemployment Appeals Commission.
An employee may be denied benefits under Florida's unemployment compensation laws where discharge is based upon employee misconduct connected with work. § 443.101(1), Fla.Stat. (1995). In determining what constitutes "misconduct," courts are to construe the unemployment compensation laws narrowly in favor of the claimant. Hummer v. Florida Unemployment Appeals Comm'n, 573 So.2d 135 (Fla. 5th DCA 1991).
In accord with this philosophy, a single act of poor judgment is generally not sufficient to disqualify a claimant from receiving benefits especially where the act does not reflect a substantial disregard of the employer's interests. See Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37 (Fla. 3d DCA 1996); Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995). Furthermore, where company policies are concerned, "misconduct usually involves repeated violations of explicit policies after several warnings." Fiedler v. Burdines, Inc., 654 So.2d 1276 (Fla. 2d DCA 1995); Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d at 846.
Here, even though Grossman violated company policy by making store purchases on her break, she was not aware that such action caused her employer any concern until she was discharged, this was her only violation of store policy, and the act itself does not reflect a substantial disregard of her employer's interests. Although Grossman's employer had good reason to fire her, nevertheless, *1208 these actions were not sufficiently egregious to support denial of unemployment compensation benefits. See Freddo v. Unemployment Appeals Commission, 685 So.2d 874 (Fla. 2d DCA, 1996). Accordingly, we reverse and remand for reinstatement of Grossman's unemployment compensation benefits.
Reversed and remanded.