713 So.2d 1080 (1998)
Mary McKNIGHT, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 97-1369.
District Court of Appeal of Florida, First District.
July 15, 1998.
Mark Anderson of Anderson Law Offices, Panama City, for Appellant.
William T. Moore, Tallahassee, for Appellee.
PER CURIAM.
Mary McKnight appeals from a final order of the Unemployment Appeals Commission which affirmed the appeals referee's ruling that she is not entitled to unemployment benefits. We reverse.
McKnight was a manager at a convenience store. On September 25, 1996, she found a note posted on her office door informing her that an employee had been injured the previous night. McKnight was aware of the employer's policy that required her to inform personnel in the home office, located in Jackson, Mississippi, of an employee's on-the-job injury and to submit a written report to the home office describing the injury within *1081 twenty-four hours of the accident. Because McKnight believed the note did not contain sufficient information, she did not contact the home office on that day.
On September 26, 1996, McKnight's supervisor instructed her to contact the home office and complete the written report. McKnight, still believing she needed more information, asked a worker who lived near the injured employee (who did not have a phone) to instruct the injured employee to report to the store to fill out the accident report and provide McKnight with the details of the injury. The injured employee arrived at the store at 4:30 p.m. on September 26, 1996, just as McKnight was leaving to make a bank deposit for the store. McKnight asked the injured employee to wait for her, but by the time she returned from the bank, the employee had left.
On September 27, 1996, McKnight's supervisor again instructed her to contact the home office and complete the report. Later that day, however, the supervisor contacted the home office and the next morning he fired McKnight.
In Florida, a person may be denied unemployment benefits where discharge is based upon employee misconduct connected with work. See Grossman v. J.C. Penney Co.2071, 689 So.2d 1206 (Fla. 3d DCA 1997); State, Dept. of General Servs. v. English, 534 So.2d 726 (Fla. 1st DCA 1988). Section 443.036(26), Florida Statutes defines "misconduct" as follows:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
This statute must be liberally construed in favor of the claimant, and the burden of proving misconduct in connection with work is on the employer. See Livingston v. Tucker Const. & Eng'g, Inc., 656 So.2d 499 (Fla. 2d DCA 1995); Hummer v. Unemployment Appeals Comm'n, 573 So.2d 135 (Fla. 5th DCA 1991). Moreover, courts have recognized that "certain actions of employees, though warranting termination, do not constitute misconduct precluding unemployment compensation." Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089, 1091 (Fla. 5th DCA 1995).
The appeals referee concluded that McKnight's failure to complete the accident report and contact the home office were deliberate violations of the standards of behavior which the employer had a right to expect of her. Thus, since McKnight was discharged because of misconduct connected with her work, the referee found that she was not entitled to unemployment compensation benefits. Although McKnight's actions showed poor judgment and unsatisfactory conduct, her actions do not rise to the level of misconduct. See Pascarelli, 664 So.2d at 1092 (holding "[a] single act of insubordination can be misconduct but a single act arising out of poor judgment may not be misconduct"); Grossman, 689 So.2d at 1207 (holding that "a single act of poor judgment is generally not sufficient to disqualify a claimant from receiving benefits" and that "where company policies are concerned, `misconduct usually involves repeated violations of explicit policies after several warnings'").
In Armstrong v. Unemployment Appeals Comm'n, 427 So.2d 357 (Fla. 5th DCA 1983), the claimant failed to report a drunken employee and inappropriately relinquished a key to a secured area. The court held that the claimant was entitled to benefits because the evidence showed that the claimant was merely disloyal on two occasions and this disloyalty did not amount to the willful or wanton disregard of employee duty required by the statute. Likewise, in Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982), the court concluded that the claimant was not acting willfully, wantonly, or with such a substantial disregard of his employer's *1082 interests as to warrant the denial of benefits. There, the claimant had been discharged for failing to follow the company procedure for disciplining an employee he supervised. Finally, in Grossman v. J.C. Penney Co.2071, 689 So.2d 1206 (Fla. 3d DCA 1997), the court held that the claimant's actions in making store purchases while on a paid break in violation of store policy were not sufficient to support a denial of benefits.
Like the claimants' actions in Armstrong, Erber, and Grossman, McKnight's actions in this case, while warranting her discharge, were not sufficiently egregious, willful, or wanton to support a denial of unemployment benefits. Her actions were substantially different from the claimants' actions in National Ins. Servs., Inc. v. Florida Unemployment Appeals Comm'n, 495 So.2d 244 (Fla. 2d DCA 1986) and Fort Myers Pump and Supply, Inc. v. Florida Dept. of Labor and Employment Sec., Div. of Employment Sec., 373 So.2d 429 (Fla. 2d DCA 1979), where the claimants directly refused to follow company directions. The Commission's conclusion in this case was erroneous as a matter of law.
Reversed.
BOOTH, BENTON and PADOVANO, JJ., concur.