841 So.2d 610 (2003)
Joan M. BIGLER, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Bath & Body Works, Inc., Appellees.
No. 3D02-1977.
District Court of Appeal of Florida, Third District.
April 2, 2003.
Joan M. Bigler, in proper person.
John D. Maher, for appellee, Commission.
Before SCHWARTZ, C.J., and COPE and WELLS, JJ.
PER CURIAM.
The appellant was fired because she had removed a "tester" from the shop at which she was employed. It was undisputed, however, that she did not do so for her own purposes, but instead gave the item to employees of another business for services it had provided to the store at no cost. We reverse the denial of the unemployment compensation benefits below on the grounds stated by the Chair of the Unemployment Appeals Commission's dissenting opinion.[1] That opinion correctly states, in accordance with countless decisions of this and every other Florida court, that a mistake *611 in judgment of this kind does not, as a matter of law, amount to disqualifying misconduct. See Castillo v. Florida Unemployment Appeals Comm'n, 785 So.2d 552 (Fla. 3d DCA 2001); Savage v. Macy's East, Inc., 719 So.2d 1208, 1208-09 n. 1 (Fla. 3d DCA 1998); Castillo v. Sally Beauty Co., 637 So.2d 269 (Fla. 3d DCA 1994); King v. Walgreen Co., 635 So.2d 997 (Fla. 3d DCA 1994); Kelley v. Pueblo Wholesale Co., 627 So.2d 534 (Fla. 3d DCA 1993).
Accordingly, we reverse the Unemployment Appeals Commission's order and remand with instructions that there was no disqualifying conduct and that the appellant is eligible for unemployment benefits.
NOTES
[1] Alan Orantes Forst, Chairman, Dissenting

I respectfully dissent. I would reverse the decision of the appeals referee.
The Unemployment Compensation Law of Florida defines misconduct connected with work as:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
Section 443.036(29), Florida Statutes. Additionally Florida's appellate courts have quoted with approval the following language of the Wisconsin Supreme Court in Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941):
[M]ere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.
Tucker v. Florida Department of Commerce, 366 So.2d 845, 847 (Fla. 1st DCA 1979); Fredericks v. Florida Department of Commerce, 323 So.2d 286, 288 (Fla. 2d DCA 1975); Spaulding v. Florida Industrial Commission, 154 So.2d 334, 336-37 (Fla. 3d DCA 1963).
The claimant was discharged for giving merchandise to employees of another business in appreciation of the services it provided to the claimant's store at no cost. The claimant acted for the benefit of the store and not herself. While the claimant may have made an error in judgment, I do not concur in the decision of the Commission finding the claimant's actions constituted misconduct connected with work. Accordingly, I dissent.