PER CURIAM.
Jorge L. Rodriguez appeals an order denying unemployment benefits. We conclude that disqualifying misconduct was not demonstrated and reverse the order now before us.
In August of 2000, the appellant-employee was counseled for making personal calls on company time. In September, the employee was counseled for failing to enter certain optical prescriptions in the computer, rather than handwriting the prescriptions. He also failed to collect remaining balances on lay-away purchases of eyeglasses. In October the employee was discharged for deteriorating job performance after the above referenced counseling.
“In defining misconduct, courts are required to liberally construe the [unemployment compensation] statute in favor of the employee.” Mason v. Load King Manufacturing Co., 758 So.2d 649, 654 (Fla.2000) (citations omitted); § 443.031, Fla. Stat. (2000). Subsection 443.036(29), Florida Statutes (2000), defines disqualifying misconduct:
(29) “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s inter *1211 ests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
“In general, mere unsatisfactory work performance will not result in a denial of benefits.” Brownstein v. Hartwell Enterprises, Inc., 647 So.2d 1004, 1005 (Fla. 3d DCA 1994) (citations omitted); see also Doyle v. Florida Unemployment Appeals Commission, 635 So.2d 1028, 1031 (Fla. 2d DCA 1994).
Accepting the referee’s characterization that there was deteriorating job performance, it still would not rise to the level of disqualifying misconduct under the statutory definition of misconduct, or the case law. Accordingly we reverse the order denying unemployment compensation benefits.
Reversed and remanded.