ROTHENBERG, J.
 

 The issue before us is whether a single incident of wrongdoing by the appellant, Niurka C. Hernandez, which led American General Finance (“AGF”) to dismiss her from her job of fourteen years, rises to the level of “misconduct” as defined in section 443.036(29), Florida Statutes (2009), and thus precludes her from receiving unemployment compensation benefits. Because we find that the incident was isolated and a result of poor judgment, rather than a deliberate and repeated violation of her employer’s policy, we reverse.
 

 Ms. Hernandez filed for unemployment compensation benefits following her dismissal in May 2009, but her claim was denied because she was dismissed for “misconduct” pursuant to section 443.036(29). Ms. Hernandez admits that in processing a $2,000 loan, she failed to obtain proper authorization from the borrower, but she contends that this was a mistake evidencing poor judgment, not misconduct under section 443.036(29), disqualifying her from receiving unemployment compensation benefits.
 

 The undisputed evidence is that prior to the incident which resulted in Ms. Hernandez’s discharge from AGF, she processed a loan for a customer (“the borrower”) in 2007. When Ms. Hernandez processed this loan, the borrower explained to her that the loan was being taken out for the benefit of a third party, Maria Lamous, who had accompanied the borrower and was present when the borrower submitted his application for the loan. That loan was correctly processed by Ms. Hernandez and there is no evidence in the record to suggest that the borrower has not made his payments on this loan. Some time thereafter, Ms. Lamous asked Ms. Hernandez to increase the loan by $2,000 and she told Ms. Hernandez that the borrower had agreed to the increase. Without verifying that the borrower had in fact agreed to the increase, and without obtaining the requisite written approval from the borrower for the increase in the loan, Ms. Hernandez approved the loan increase. Prior to any disbursement of the additional loan proceeds, the error was discovered and Ms. Hernandez, who had worked for the company for fourteen years without incident, was discharged.
 

 We review the decision below to determine whether there is competent substantial evidence to support it.
 
 Miller v. Barnett Bank of Broward County,
 
 650 So.2d 1089, 1090 (Fla. 3d DCA 1995). The controlling statute, section 443.036(29), defines “misconduct” as:
 

 Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or
 

 Carelessness or negligence to a degree or recurrence that manifests culpability,
 
 *478
 
 wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
 

 We begin our analysis by recognizing that while findings that support claims of “misconduct” generally involve repeated acts, under Florida law, “repeated acts in violation of company policy are not necessary to constitute misconduct” within chapter 443.
 
 Ford v. Se. Atl. Corp.,
 
 588 So.2d 1039, 1041 (Fla. 1st DCA 1991) (finding that the appellant directly violated company policy when he failed a drug test in violation of the company’s policy that “no employee can be present at work with drugs or alcohol in his system”);
 
 see also Sears, Roebuck & Co. v. Unemployment Appeals Comm’n,
 
 463 So.2d 465, 466 (Fla. 2d DCA 1985) (finding that an employer met its burden of establishing misconduct where an employee admitted kissing a coworker in “clear violation of an express policy” enacted to prevent potential sexual harassment actions against the employer);
 
 Rosa v. Jefferson’s Stores, Inc.,
 
 421 So.2d 818 (Fla. 4th DCA 1982) (affirming denial of unemployment benefits for misconduct where employee allowed her son to use her employee discount card against company policy).
 

 Nonetheless, Florida courts — and this Court in particular — have drawn a distinction between an isolated incidence of poor judgment or ordinary negligence and misconduct that demonstrates “willful or wanton disregard of an employer’s interests” or is “found to be a deliberate violation or disregard of the standards of behavior” pursuant to section 443.036(29).
 
 Grossman v. J.C. Penney Co.2071,
 
 689 So.2d 1206, 1207 (Fla. 3d DCA 1997) (stating that “a single act of poor judgment is generally not sufficient to disqualify a claimant from receiving benefits especially where the act does not reflect a substantial disregard of the employer’s interests”);
 
 see also Galletti v. Piedmont Airlines, Inc.,
 
 652 So.2d 408, 408 (Fla. 3d DCA 1995) (“[A]n isolated infraction of company policy with
 
 no warnings ...
 
 supports] a finding of poor judgment, rather than misconduct of such a magnitude as to amount to a sacrifice of unemployment compensation.” (quoting
 
 Bulkan v. Unemployment Appeals Comm’n,
 
 648 So.2d 846 (Fla. 4th DCA 1995))).
 

 In
 
 Grossman,
 
 the employee was discharged “for making store purchases while on a paid break in violation of store policy.” 689 So.2d at 1207. This Court reversed the denial of unemployment benefits, finding that the employee “was not aware that such action caused her employer any concern until she was discharged, this was her only violation of store policy, and the act itself does not reflect a substantial disregard of her employer’s interests.”
 
 Id.
 
 at 1207-08;
 
 see also Cooks v. Unemployment Appeals Comm’n,
 
 670 So.2d 178, 180 (Fla. 4th DCA 1996) (finding that “isolated infractions of company policy with no prior warnings usually amount to no more than poor judgment rather than misconduct within the meaning of chapter 443”);
 
 Betancourt v. Sun Bank Miami, N.A.,
 
 672 So.2d 37 (Fla. 3d DCA 1996) (finding that a bank employee’s failure to close a suspicious account when instructed did not constitute misconduct);
 
 Miller,
 
 650 So.2d at 1089-91 (reversing denial of unemployment benefits and concluding that employee made an isolated error in judgment where she released funds to a customer before deposited money orders were cleared against her employer’s check approval guidelines);
 
 Ford,
 
 588 So.2d at 1041 (finding that “a single negligent act cannot support a finding of misconduct”).
 

 
 *479
 
 This Court has further held that the unemployment compensation statute should be “liberally construed in favor of the claimant” and that its “disqualification provisions, being remedial in nature, are to be narrowly construed.”
 
 Davidson v. AAA Cooper Transp.,
 
 852 So.2d 398, 401 (Fla. 3d DCA 2003) (“As this court has repeatedly stated, misconduct serious enough to warrant dismissal is not necessarily sufficiently serious to warrant forfeiture of unemployment compensation benefits.”);
 
 see also Riveras v. Unemployment Appeals Comm’n,
 
 884 So.2d 1143 (Fla. 2d DCA 2004). In
 
 Riveras,
 
 the Second District held that misconduct “usually involves repeated violations of explicit policies after several warnings,” and that the holding was “in keeping with the explicit philosophy behind the unemployment compensation law.”
 
 Id.
 
 at 1145.
 

 We therefore conclude that the Unemployment Appeals Commission abused its discretion in finding that this one incident of poor judgment exercised by Ms. Hernandez over a fourteen-year history with AGF rose to the level of misconduct as contemplated in section 443.036(29). Ms. Hernandez’s conduct did not demonstrate a substantial disregard of her employer’s interests or manifest the “wrongful intent” or “evil design” described in section 443.036(29), and thus her actions do not justify the denial of unemployment compensation benefits. We therefore reverse the order under review and remand the case for the allowance of her claim.
 

 Reversed and remanded.