SCHWARTZ, Senior Judge.
The claimant in this unemployment compensation case, governed by the amendments to the worker’s compensation law that became effective on June 27, 2011,[1] appeals from his disqualification for benefits for “misconduct.” We affirm.
While employed as a security guard assigned to a performing arts complex, Alvarez knowingly violated a policy or rule which precluded unauthorized access to a designated security area near the box office.[2] While it may well be that this action did not constitute “misconduct” under the prior version of the statute, see Hernandez v. Am. Gen. Fin., 39 So.3d 476 (Fla. 3d DCA 2010) (holding that a single incident of not following an employer policy does not rise to the level of misconduct neces *71 sary to disqualify an employee from receiving unemployment benefits); Rosas v. Remington Hospitality, Inc., 899 So.2d 390, 391 (Fla. 3d DCA 2005) (same), we are unable to interfere with the finding below that it was disqualifying under the present statutory scheme, which expands the definition of “misconduct” to include the deliberate violation of an employer rule which has not been shown to be unreasonable or unfairly or inconsistently enforced. See § 443.036(30)(e), Fla. Stat. (2011); Critical Intervention Servs. v. Fla. Reemployment Assistance Appeals Comm’n, 106 So.3d 63 (Fla. 1st DCA 2013); Crespo v. Fla. Reemployment Assistance Appeals Comm’n, — So.3d -, 2012 WL 6027761, 37 Fla. L. Weekly D2771 (Fla. 3d DCA Dec. 5, 2012).[3] Because the determinations below to that effect are supported by substantial evidence and the applicable law, they are therefore
Affirmed.

. The amendments broadened the definition of "misconduct” to include:
(a) Conduct demonstrating conscious disregard of an employer’s interests and found to be a deliberate violation or disregard of the reasonable standards of behavior which the employer expects of his or her employee.
(b) Carelessness or negligence to a degree or recurrence that manifests culpability or wrongful intent, or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
(c) Chronic absenteeism or tardiness in deliberate violation of a known policy of the employer or one or more unapproved absences following a written reprimand or warning relating to more than one unapproved absence.
(d) A willful and deliberate violation of a standard or regulation of this state by an employee of an employer licensed or certified by this state, which violation would cause the employer to be sanctioned or have its license or certification suspended by this state.

(e)A violation of an employer’s rule, unless the claimant can demonstrate that:

a. He or she did not know, and could not reasonably know, of the rule’s requirements;
b. The rule is not lawful or not reasonably related to the job environment and performance; or
c. The rule is not fairly or consistently enforced.
§ 443.036(30), Fla. Stat. (2011) (emphasis added).

. Because there is no doubt that his entry was improper, it is legally irrelevant — although interesting — that his purpose in doing so was to deliver an anonymous, otherwise unobjectionable complimentary note to a co-worker he admired.

. We are not called upon to decide whether, under some circumstances, these provisions may be unconstitutional as applied because of their arguable departure from both (a) the rules against improper delegation of legislative authority to a private body, such as the employer in this case, see Tex. Boll Weevil Eradication Found., Inc., v. Lewellen, 952 S.W.2d 454, 465-475 (Tex.1997), and (b) the rights of a claimant to due process in the enforcement of a "rule” which does not reasonably relate to a cognizable interest of the employer or the violation of which does not rationally justify the effect of a total deprivation of otherwise available governmental benefits, see State v. Saiez, 489 So.2d 1125, 1128 (Fla.1986) (holding that a statute must be enforced through means that reasonably relate to the object sought to be obtained and “shall not be unreasonable, arbitrary, or capricious”). Query: would it be permissible to enforce a rule that the operator of a vehicle not exceed the applicable speed limit by denying benefits entirely because he went 56 in a 55 miles per hour zone?
In this case, however, the appellant has neither below nor in this court raised, and has therefore waived, any constitutional issue. See Trushin v. State, 425 So.2d 1126 (1982); Lamore v. State, 983 So.2d 665 (Fla. 5th DCA 2008). In any event, we find nothing obviously disproportional in punishing a security guard for violating a reasonable security regulation.