MILLS, Judge.
Duncan appeals a decision of the Unemployment Appeals Commission (UAC) which reversed an appeals referee’s finding that she was entitled to receive unemployment compensation. We affirm.
Pursuant to Section 443.06(1), Florida Statutes (1979), the appeals referee found that Duncan, in effect, had been discharged by her employer without misconduct on her part and that she was therefore not disqualified from receiving unemployment compensation. This finding was based on an alleged conversation between Duncan and Ryder’s department director. The UAC reversed, holding that the referee’s finding was not based on competent substantial evidence.
 The decision of an appeals referee may not be reversed when it is supported by competent substantial evidence. David Clark & Associates, Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980). The appeals referee’s decision was not based on competent substantial evidence. There is no testimony concerning the content of the conversation between Duncan and the department director. Since the UAC may reverse an appeals referee based on evidence in the record, its finding that Duncan left employment voluntarily without good cause attributable to the employer must be affirmed.
AFFIRMED.
BOOTH and THOMPSON, JJ., concur.