513 So.2d 1098 (1987)
Mapsie P. JOHNSON, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Jack Eckerd Corporation, Appellee.
No. 86-2994.
District Court of Appeal of Florida, Third District.
October 13, 1987.
*1099 Jonathan Thiele, Miami, for appellant.
John D. Maher, Tallahassee, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Although the ambiguous response of Mapsie P. Johnson, a cashier employed by Eckerd Drug Company  "I know she [the customer] didn't pay for the starch, but it's only $1.39. Look, I'll pay for the can."  to an accusation that Johnson had failed to ring up a sale is arguably susceptible to the construction that Johnson knowingly allowed the customer to unlawfully take goods from the store, the employer expressly eschewed the suggestion that it was accusing Johnson of such deliberate conduct and instead took the position that Johnson's offense was simply the negligent failure to ring up the sale.[1] This aspect of the case is thus controlled by the well-established rule of law that a single negligent failure to ring up a sale cannot support a finding that the employee was guilty of misconduct under Section 443.036(24), Florida Statutes (1985),[2] and thus render the employee ineligible for unemployment compensation benefits. Shacklett v. State, 460 So.2d 557 (Fla. 2d DCA 1984); Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3d DCA 1963).
The only remaining basis for disqualifying Johnson from unemployment compensation benefits is the appeals referee's finding that Johnson's post-incident inquiry to her supervisor  "Damn it, what the f____ is this?"  and wonderment  "I cannot believe that I have worked here in this company for four years and this f____ing thing is going on"  constituted a "disregard of standards of behavior which the employer has the right to expect of [its] employee" that would constitute misconduct under Section 443.036(24)(a), Florida Statutes (1985). This finding fares no better because, first, there is not the slightest indication that the conduct was part of a pattern of behavior, compare Varig Brazilian Airlines v. Florida Department of Commerce, 354 So.2d 921 (Fla. 3d DCA 1978); second, the conversation between Johnson and her supervisor took place at Johnson's request in a private office and did not occur in the presence of other employees or customers, compare Stahl v. Florida Unemployment Appeals Commission, 502 So.2d 78 (Fla. 3d DCA 1987); and, third, the language used, considered in context, was neither a personal attack upon the supervisor nor calculated to undermine his authority, compare Hines v. Department of Labor and Employment Security, 455 So.2d 1104 (Fla. 3d DCA 1984).
Accordingly, the order of the Unemployment Appeals Commission affirming the appeals referee's decision that Johnson was properly discharged for misconduct and was thus ineligible for unemployment compensation is reversed.
Reversed.
NOTES
[1] At the hearing before the Unemployment Compensation Appeals Referee, Eckerd's representative stated:

"We are not terminating  we did not terminate Ms. Johnson for theft of merchandise. I said failure to properly ring up the sale, improper cash register procedures. Okay it was a combination in her case, improper cash register procedures and failure to ring up the merchandise. Okay, [we] never said she took the merchandise or someone stole the merchandise."
[2] Section 443.036(24) reads:

"MISCONDUCT.  `Misconduct' includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
"(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
"(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer."