ZEHMER, Judge.
The Department of General Services (DGS) appeals a final order of the Florida Unemployment Appeals Commission (UAC) ruling that the appellee, Leroy English, Jr., is entitled to receive unemployment benefits under chapter 443, Florida Statutes (1985), by reason of DGS’s termination of his employment. We hold that the appealed order is supported by competent substantial evidence and comports with the applicable statutes, and therefore affirm.
This is the second time this action has appeared before this court. Department of General Services v. English, 509 So.2d 1198 (Fla. 1st DCA 1987). English, a former career service employee with DGS, underwent treatment for alcoholism at a Gainesville hospital in 1983. In April 1985, English received a 30-day suspension on grounds that he came to work intoxicated and insulted and harassed fellow employees. English subsequently attended a local detoxification program but never returned to Gainesville for scheduled treatment. The incidents that led to his eventual dismissal occurred between July 24, 1985 and July 26, 1985. On July 24, English allegedly showed up for work after calling in sick and proceeded to disrupt the place, leaving after approximately one-half hour. It was also alleged that on July 25, English came to work late without excuse, and on July 26 he returned from lunch with the smell of alcohol on his breath. Following a disciplinary proceeding pursuant to section 110.227, Florida Statutes (1985), English was dismissed for “problem drinking or alcoholism after treatment proved unsuccessful.” A grievance proceeding ensued, but the dismissal was affirmed.
In October 1985, English applied for unemployment benefits. In January 1986, the claims examiner notified English that he was not eligible for benefits because his discharge was for misconduct connected with work as defined in section 443.036(24), Florida Statutes (1985). The claims examiner’s decision was thereafter heard by an *728 appeals referee. At this hearing, Mr. Fulcher, chief of personnel management for DGS, testified and certain letters, reports, and statements obtained from various employees who reported that they had witnessed acts of drunkenness and disorderly conduct by English on the job were offered in evidence. English denied drunkenness on the job and testified that he had been unfairly discharged. The appeals referee entered an order reversing the claims examiner, ruling that the evidence presented by DGS was hearsay and that there had been no showing that English’s conduct amounted to “misconduct connected with his employment.” The Unemployment Appeals Commission affirmed the referee’s order and awarded English unemployment benefits. On appeal to this court, we reversed on the ground that the documentary evidence was competent and should have been considered by the referee. The case was remanded for further proceedings. Department of General Services v. English, 509 So.2d 1198.
A new hearing was held by the appeals referee, at which time the documents previously rejected were admitted into evidence; no new evidence was presented. Employer’s exhibit #6 consisted of a letter to a union representative following English’s Step 2 grievance procedure. Employer’s exhibit # 7 consisted of a letter to a union representative following English’s Step 3 grievance procedure. Upon consideration of this evidence, the appeals referee, in an order dated October 2, 1987, once again reversed the order of the claims examiner and found that English was entitled to unemployment benefits. Based on the testimony and demeanor of the claimant, the referee found that “claimant did not report to work under the influence during [the days in question] nor did he have any improper verbal exchanges with his co-workers.” He concluded that “the claimant was discharged but not for misconduct connected with the work and is, therefore, not disqualified from receiving unemployment compensation benefits.”
DGS raises three issues on this appeal, only two of which merit discussion.
First, DGS contends that the referee’s finding that the claimant did not commit the offense for which he was discharged is not supported by competent substantial evidence. In reviewing whether the record contains competent substantial evidence to support the referee’s findings, we cannot make determinations as to credibility or substitute our judgment for that of the referee. Duncan v. Ryder Truck Rental, Inc., 418 So.2d 1125 (Fla. 1st DCA 1982). In this case the referee found that the preponderance of the evidence did not show that claimant was discharged for misconduct connected with his work within the meaning of section 443.036(24).
Although there is substantial evidence showing that the misconduct charged against claimant did occur (i.e., reporting to work under the influence of alcohol and disrupting the work place), there is evidence to support the referee’s finding to the contrary. English testified that although he received a letter saying that he was terminated for problem drinking, he did not have a “drinking problem at the job at the time [he was] terminated.” English also testified that he had not reported to work “under the influence of alcohol or after having drank any alcoholic beverages” since May 1985. Instead, English stated he was told that if he filed a grievance based on his failure to get a promotion he would be fired; he did, and he was. He testified that he filed the grievance on July 26, 1985, and stated that he did not make smart remarks nor was he loud and making unwarranted comments to co-workers on July 24. He also stated that he did not report to work under the influence of alcohol on July 25 and 26 as alleged by DGS. The appeals referee specifically found claimant’s testimony to be “credible and worthy of belief and elect[ed] to accept it over that of the employer based on the demeanor of the parties at the hearing.” Since claimant’s testimony, though disputed by other witnesses, is competent substantial evidence that the alleged misconduct did not occur, and since we are not empowered to rule on credibility of witnesses and substitute our judgment for that of the referee, the record contains *729 competent substantial evidence to support the referee’s findings.
DGS also contends that for purposes of unemployment compensation, the qualifying phrase “but not limited to” in the § 443.036(24) definition of misconduct effectively adopts the definition of misconduct used in the career service system, even in the absence of specific reference to § 110.227. We disagree. Section 110.227 provides that a career service employee may be dismissed or suspended for cause. Cause includes:
negligence, inefficiency, or inability to perform assigned duties, insubordination, willful violation of the provisions of law or agency rules, conduct unbecoming a public employee, misconduct, habitual drug abuse or conviction of any crime involving moral turpitude.
The sole discretion to dismiss an employee rests with the agency employer and the only limitation is that the action be supported by competent substantial evidence. Collins v. Department of Offender Rehabilitation, 355 So.2d 131 (Fla. 1st DCA 1978).
Chapter 443, on the other hand, provides for the payment of unemployment compensation benefits to “persons unemployed through no fault of their own” and the provisions of that chapter are to be liberally construed in favor of the employee claiming benefits. Goldstein v. Ury Kalai, M.D., P.A., 480 So.2d 695 (Fla. 4th DCA 1985). An employee is disqualified from receiving benefits if he has been “discharged by his employing unit for misconduct connected with his work, if so found by the division.” § 443.101(l)(a), Fla.Stat. (1985). Section 443.036(24) defines misconduct:
“Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other: (a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree of recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer.
The fact that an employee is discharged for misconduct in the employer’s opinion does not necessarily demonstrate the existence of misconduct contemplated by section 443.036(24). See Armstrong v. Unemployment Appeals Commission, 427 So.2d 357 (Fla. 5th DCA 1983) (employee’s actions justifying termination may not amount to misconduct under the statute). Furthermore, the requirement in section 443.101 that the employee is disqualified only if the division itself finds that the employee was discharged for misconduct connected with work obviously contemplates a determination of misconduct independent of the employer’s decision to terminate the employee for that reason.
Since the Division found that claimant was not guilty of misconduct within the meaning of section 443.036(24), and its finding was supported by competent substantial evidence, the appealed order is AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.