547 So.2d 677 (1989)
Geoffrey SMITH, Appellant,
v.
Eilon KRUGMAN-KADI and Florida Unemployment Appeals Commission, Appellee.
No. 88-2433.
District Court of Appeal of Florida, First District.
July 18, 1989.
Rehearing Denied August 24, 1989.
Wallace W. Hardy, Orlando, for appellant.
John D. Maher, Tallahassee, for appellee/Unemployment Appeals Com'n.
SHIVERS, Chief Judge.
The appellant challenges the order of an unemployment appeals referee denying him unemployment compensation benefits on the ground that his actions amounted to "misconduct" as defined in section 443.036(25), Fla. Stat. (1987). We find merit in the challenge and reverse.
Appellant was hired as a bookkeeper by the Law Offices of Krugman-Kadi and had responsibility for payroll, personnel records, and had access to all confidential information in the law office about which he had been instructed to keep confidential. Just prior to being fired, appellant was given a memorandum to file in a personnel jacket. The memorandum regarded a certain law clerk's tardiness and he showed the memorandum to that law clerk. The memorandum was directed to that law clerk but the law clerk had not known about it. The law clerk went to his supervisor who had apparently intended to discuss *678 the memorandum with him contemporaneously with, or after its revelation.
Pursuant to review by the claims examiner of the local unemployment compensation office, the law office issued a statement that in addition to this last incident, contrary to instructions, appellant had calculated the overtime hours of a paralegal after she asked how much overtime she had accumulated. The office stated that appellant also modified one law clerk's time card whenever he was late for lunch and combining lunch hour with office tasks. Appellant, the office asserted, did this without prior approval of his supervisor or the office manager.
The claims examiner determined that the claimant was discharged for disclosing confidential information and for failing to follow company policy regarding time cards and thus benefits were not payable because the discharge was for "misconduct". The matter was presented to an appeals referee who agreed with the claims examiner adding that although taken individually the violations may not rise to the level of "misconduct", the combined affect of the claimant's violations amounted to a pattern of conduct in disregard of his duties and obligations to the employer and in disregard of the law office's rigid structure. The referee found "on at least two occasions, the claimant bypassed the approved lines of communication with employees and took action on his own which was not within his authority."
The appeals referee is a fact finder in the unemployment compensation claims procedure and his decision must be upheld if there is competent, substantial evidence to support it. Bagwell Lumber Company v. Florida Department of Commerce, 353 So.2d 1261 (Fla. 2d DCA 1978). The facts are not disputed. The question before us regards whether appellant's actions constitute statutory "misconduct".
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.
Section 443.036(25), Fla. Stat. (1987).
Misconduct is not "mere inefficiency, unsatisfactory conduct, ... inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion... ." Varig Brazilian Airlines v. Florida Department of Commerce, 354 So.2d 921, 922 (Fla. 3d DCA 1978). Varig does not compel affirmance of the benefits denial here. In Varig the district court remanded with directions to enter an order which disqualifies the claimant from unemployment benefits because the record contained competent, substantial evidence "of repeated instances of behavior evincing intentional and substantial disregard of the employer's interests... ." Id. at 922. The claimant's violations were: Working cross word puzzles after being told not to and after being given written demands to desist, repeated tardiness and absence, numerous instances of loudly argumentative behavior and vulgarities in front of customers, and misrouting baggage four times. The instances compelling benefits denial in Varig were far more numerous and egregious than in the instant case.
In Fort Myers Pump and Supply, Inc. v. Florida Department of Labor and Employment Security, 373 So.2d 429 (Fla. 2d DCA 1979) the district court found the claimant ineligible for benefits because she failed to post eighty-seven invoices, failed to pay for materials which she had purchased from the company, was spending considerable time on the telephone during working hours on personal real estate matters, was using the photocopy machine for her own affairs, and failed to carry out specific orders regarding customers and maintenance of the cash box. The claimant was apprised of her violations but allowed *679 to remain on to give her a chance to comply. She was discharged after stating to the company president that the changes requested of her were unnecessary and that she would not comply.
In Lundy's Market, Inc. v. Florida Department of Commerce, 373 So.2d 433 (Fla. 3d DCA 1979) the district court found the appeals referee's finding of "misconduct" was supported by competent, substantial evidence where the claimant repeatedly left change out of cash register and left the register drawer open despite being counseled about it numerous times. The court agreed with the referee's finding that claimant's conduct was a deliberate disregard of the employer's interests.
In National Insurance Services, Inc. v. Florida Unemployment Appeals Commission, 495 So.2d 244 (Fla. 2d DCA 1986) benefits were denied two employees who did not drink coffee and were dismissed for their open refusal to clean the coffee area. The court noted the employees' open refusal to perform a "reasonable" duty required of them.
The foregoing is not intended to exhaust discussion of cases wherein unemployment compensation benefits were denied for "misconduct". E.g., Trinh Trung Do v. Amoco Oil Co., 510 So.2d 1063 (Fla. 4th DCA 1987); Caputo v. Unemployment Appeals Commission, 493 So.2d 1121 (Fla. 3d DCA 1986); Duncan v. Ryder Truck Rental, Inc., 418 So.2d 1125 (Fla. 1st DCA 1982). However, our review of the cases pertaining to "misconduct" lead us to the conclusion that the actions of appellant were not "misconduct" as contemplated by the statute. Cognizant that the appeals referee's findings must be upheld when supported by competent, substantial evidence, and that it is not our province to determine witness credibility or substitute our judgment for that of the referee,[1] we find that appellant's actions were not "misconduct" as a matter of law.
The instant case did not involve the sort of open refusal to perform which characterized National Insurance Services, or the flaunting of authority present in Fort Myers Pump, or the repeated failure to heed an employer's instructions as in Lundy's Market. In these cases, as in Varig and in the other cases resulting in benefits denials, the employee conduct reviewed was either more flagrant, willful, or repeated than it was in the instant case.
In Armstrong v. Unemployment Appeals Commission, 427 So.2d 357 (Fla. 5th DCA 1983) the district court directed that the claimant be paid unemployment benefits where the evidence showed that claimant was merely disloyal on two occasions which did not amount to the willful or wanton disregard of employee duty required by the statute. The claimant failed to report a drunken employee and inappropriately relinquished a key to a secured area.
In Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982) the claimant was discharged when he gave a subordinate a resign or be fired option after the claimant discovered the subordinate was falsifying time cards. The referee found that the claimant failed to discuss planned disciplinary actions with his supervisor, did not inform the supervisor of the real reasons for discharge, and failed to reinstate the mechanic after being told to do so. The district court found that the claimant "seemed to be acting only in the best interest of the employer and although probably misguided in his actions he was not acting willfully, wantonly or with such substantial disregard of the employer's interest as to warrant the denial of benefits under the statute." Id. at 524.
We find that Erber and Armstrong are more similar on their facts to the instant case than are the cases denying benefits considering the small number and nature of appellant's infractions. Disloyalty, which characterized the actions in Erber is what better characterizes the appellant's actions here. Claimant's failure to follow office policy by disclosing a memorandum to the person it was written to, by adjusting a time card to account for lunch time, and by helping another employee determine *680 her accumulated overtime hours, we decline to characterize as wanton, willful, or substantial actions that should serve to divest appellant of any entitlement to benefits. In addition, the appeals referee's emphasis upon the law office's rigid structure is not an emphasis necessitated by the statute. We do not read the statute to require an employee to have conformed to an employer's superlative standards in order to receive unemployment compensation benefits upon discharge for not meeting those standards. "The fact that an employee is discharged for misconduct in the employer's opinion does not necessarily demonstrate the existence of misconduct contemplated by ... [the statute]." State Department of General Services v. English, 534 So.2d 726, 729 (Fla. 1st DCA 1988).
Accordingly, we REVERSE the appeals referee's findings and REMAND for entry of an order awarding unemployment benefits to the appellant.
JOANOS, J., concurs.
ERVIN, J., dissents, with an opinion.
ERVIN, Judge, dissenting.
The Commission's construction of the definition of misconduct, found in Section 443.036(25), Florida Statutes (1987), to include conduct involving the disclosure of a disciplinary memorandum to an employee who was its subject, the revealing of confidential information to another employee, and the making of unauthorized modifications on an employee's time cards, was, in my judgment, within the wide range of discretion accorded to the agency in the interpretation of the statute which it is authorized to administer; therefore, such interpretation should not be overturned unless it is clearly erroneous. Cf. Natelson v. Department of Ins., 454 So.2d 31, 32 (Fla. 1st DCA 1984) (the Department of Insurance's construction of the term "lack of fitness or trustworthiness to engage in business of insurance", provided in Section 626.611(7), Florida Statutes, as including the licensee's conviction of the offense of criminal conspiracy to traffic in illicit drugs was within the range of possible constructions of the statute of which it is empowered to regulate).
I would affirm.
NOTES
[1] State Department of General Services v. English, 534 So.2d 726 (Fla. 1st DCA 1988).