601 So.2d 1298 (1992)
Joaquin A. RUBIDO, Appellant,
v.
BRINKS, INCORPORATED and Florida Unemployment Appeals Commission, Appellees.
No. 91-2395.
District Court of Appeal of Florida, Third District.
July 7, 1992.
*1299 Edna E. Canino, Miami, for appellant.
William T. Moore, Ormond Beach, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
Claimant Joaquin A. Rubido appeals a final order of the Florida Unemployment Appeals Commission affirming an appeal referee's denial of unemployment compensation benefits. We affirm the order under review.
Rubido was a messenger employed by a business providing security in armored trucks. In this position, he was in charge of a crew while en route to various dispatched locales. During one such dispatch, a security company supervisor observed Rubido and thereafter reported a number of company policy violations. These violations included: a) riding as a passenger in the cab of the truck instead of the rear where the valuables are stored during transport; b) failing to keep his hand on his weapon when exiting the business location carrying valuables to be loaded into the armored vehicle; c) asking the driver to open the cab door to speak to him rather than speaking to the driver through the gun port; d) leaving the rear gun port open; and e) failing to lock the safe in the rear of the armored car. Thereafter, Rubido was discharged. Rubido filed the instant claim for unemployment benefits. The claim was initially denied by a claims examiner and the claimant filed a timely appeal. See § 443.101(1)(a) 2., Fla. Stat. (1991) (providing for disqualification of benefits for misconduct connected with work).
After an evidentiary hearing, an appeals referee found Rubido guilty of all the alleged violations. The referee's report focused primarily upon the claimant having ridden as a passenger rather than remaining in the truck's rear compartment. Company rules explicitly provide that for security reasons, a messenger must sit in the back of the truck and that this rule can be *1300 waived only by the written permission of higher management. The company policy explicitly warned that violation of this rule warranted termination. The referee concluded that the claims examiner's determination that Rubido should be denied benefits was correct. Thereafter, the referee's finding was confirmed by the Commission.
Claimant's argument here proceeds on the assumption that he violated company rules only when he rode as a passenger in the driving compartment. He claims that this activity only constituted bad judgment and did not constitute misconduct so as to warrant withholding of unemployment benefits. We conclude claimant's conduct was misconduct warranting the withholding of benefits. National Ins. Services, Inc. v. Unemployment Appeals Comm'n, 495 So.2d 244 (Fla. 2d DCA 1986) (bank employee's refusal to comply with bank rule requiring employees to take turns cleaning coffee break area constituted misconduct); Caputo v. Unemployment Appeals Comm'n, 493 So.2d 1121 (Fla. 3d DCA 1986) (principal's refusal to obey directive of superintendent to desist from certain religious activities in classroom held misconduct); § 443.036(26), Fla. Stat. (1991).
While in certain contexts an isolated infraction of company policy may not constitute sufficient grounds to withhold unemployment benefits, here, the company had an explicit policy against the conduct for which Rubido was terminated. Even though the truck's driver favorably testified that on the day in question he had lied to Rubido, telling Rubido that he had gotten permission for Rubido to sit in the front of the truck, Rubido should not have acted in reliance upon the driver's statement. Without the written permission of management, it was entirely wrong for the claimant to act upon the driver's word. Consequently, we believe this violation was more than simply bad judgment. Moreover, appellant's focus upon this single violation ignores the other violations the supervisor reported and the referee found to have occurred. Taken together, the violations evinced Rubido's plain disregard for company rules in a business that requires strict adherence to certain standards, thus distinguishing this case from those cited by the claimant, and providing competent substantial evidence supporting the decision under review. See Continental Baking Co. v. Vilichez, 219 So.2d 733 (Fla. 2d DCA 1969).
Finally, we see no merit in Rubido's claim that he was surprised by testimony that company policy prohibited a person's riding as a passenger. His argument that such activity had become de facto custom and his attempt to admit new evidence to that effect is unavailing. At hearing, Rubido did not request a continuance and there is no allegation that the evidence he now seeks to admit was not available on the date of hearing. To permit the claimant to submit such additional evidence at this late date would open up every hearing where a litigant was disappointed and afford them "two bites at the apple." Understandably, no authority has been suggested for it.
Accordingly, the judgment under review is affirmed.