648 So.2d 846 (1995)
Andrew R. BULKAN, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Terry Ford Co., Appellees.
No. 93-3087.
District Court of Appeal of Florida, Fourth District.
January 18, 1995.
*847 Andrew R. Bulkan, pro se.
William T. Moore, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
POLEN, Judge.
Andrew R. Bulkan appeals from a final order of the Unemployment Appeals Commission affirming the decision of the appeals referee disqualifying him from the receipt of unemployment benefits. We reverse.
The issue on appeal is whether the appeals referee correctly determined that Bulkan's conduct amounted to misconduct connected with work so as to disqualify him from receiving unemployment benefits pursuant to section 443.101, Florida Statutes (1993), which provides:
An individual shall be disqualified for benefits:
(1)(a) For the week in which he has voluntarily left his work without good cause attributable to his employing unit or in which he has been discharged by his employing unit for misconduct connected with his work, if so found by the division.
Section 443.036(26), defines misconduct as:
Misconduct.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other: (a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or (b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
The incident which gave rise to Bulkan's discharge, and which the referee concluded amounted to "misconduct connected with work," took place in January of 1993, when Bulkan, an automotive technician with the employer for approximately nine years, was assigned a new service manager. This new service manager implemented new policies and at several meetings which Bulkan and other employees attended, he specifically placed everyone on notice that repairs cannot be done on a vehicle, unless a work order is issued from a service writer. In February, 1993, a sales manager told Bulkan that his friend wanted to restore his vehicle and asked Bulkan to take a look at same and see what type of repairs would be needed. Bulkan test drove the vehicle and then notified the sales manager's friend that the car needed routers. The friend then went to the parts department and purchased the routers. The sales manager's friend then approached Bulkan and asked him if he would replace the routers on his vehicle. Bulkan placed the routers on the sales manager's friend's vehicle, without obtaining a work order from the service writer.
We do not find that the above recounted facts support the referee's conclusion of law that Bulkan was discharged for *848 misconduct connected with work. See Trinh Trung Do v. Amoco Oil Company, 510 So.2d 1063 (Fla. 4th DCA 1987) (the standard of review in reviewing a decision that affirms the denial of unemployment benefits is whether the conclusion of the appeals referee, finding employee misconduct as defined by the statute is supported by substantial competent evidence). Rather, at most, these facts appear to support a finding of poor judgment which is not sufficient to constitute misconduct under the statute. See Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3rd DCA 1963) (inadvertence, ordinary negligence, poor judgment and inattention do not constitute misconduct under the statute); Kelley v. Pueblo Wholesale Company, 627 So.2d 534 (Fla. 3d DCA 1993) (where court recognizes that it has consistently held that an exercise of poor judgment does not amount to misconduct).
The referee concluded that this was not just an instance of poor judgment as Bulkan was notified of the correct procedures. However, this conclusion overlooks the rule that misconduct as a ground for disqualification from unemployment benefits is to be narrowly construed, and misconduct serious enough to warrant an employee's dismissal, is not necessarily serious enough to sustain forfeiture of compensation benefits. Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3rd DCA 1992). In addition, case law interpreting what conduct exhibits the willfulness, wantonness or extreme negligence required by the statute defining misconduct involves repeated instances of misconduct, or violations of explicit policies after warnings. See Rubido v. Brinks Incorporated, 601 So.2d 1298 (Fla. 3d DCA 1992) (claimant was discharged for misconduct connected with work because he violated an explicit company rule that he could not ride in passenger seat of truck without written consent in addition to violating other company policies); Sassi v. Five Star Productions, 623 So.2d 864 (Fla. 4th DCA 1993) (repeated and intentional violations of employer's orders regarding camera and equipment rewiring constituted "misconduct"). Conversely, at bar, there was only an isolated infraction of company policy with no warnings. In addition, the facts of this case support a finding of poor judgment, rather than misconduct of such a magnitude as to amount to a sacrifice of unemployment compensation.
Rather, the case at bar is akin to those where the courts have recognized that an isolated incident does not rise to the level of misconduct. See Spaulding, 154 So.2d at 338 (failure of grocery supermarket cashier to ring up promptly an "exact amount" payment received during the course of checking out another customer, in violation of a rule of an employer, although it may have demonstrated inadvertence, ordinary negligence, or poor judgment did not constitute misconduct under the statute); Cotton v. Unemployment Appeals Commission, 482 So.2d 582 (Fla. 5th DCA 1986) (conduct of employee in failing to correct erroneous grant of ninety-eight (98) cent discount to employee's husband contrary to restaurant policy, instead following another established policy by writing the additional money off as promotional, did not amount to conduct so willful or negligent as to amount to misconduct).
Finally, the facts of this case support a conclusion that Bulkan was "caught between a rock and a hard place," as he was asked by a manager to do something that conflicted with the rules imposed by another manager. Although Bulkan may have exercised poor judgment, and alternatively should have followed the rules of his immediate supervisor, we do not believe that such conduct was egregious enough to amount to misconduct connected with work. We reverse.
HERSEY and GUNTHER, JJ., concur.