654 So.2d 1276 (1995)
Vilma S. FIEDLER, Appellant,
v.
BURDINES, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 94-00913.
District Court of Appeal of Florida, Second District.
May 19, 1995.
Vilma S. Fiedler, Tampa, pro se.
William T. Moore, Tallahassee, for Unemployment Appeals Com'n.
WHATLEY, Judge.
The appellant, Vilma S. Fiedler, challenges an order of the Florida Unemployment Appeals Commission (UAC), which reversed the decision of the appeals referee and denied her unemployment compensation benefits. We reverse.
Fiedler worked as a sales associate from October 1978 until July 15, 1993. On July 14, 1993, Fiedler gave a customer a 25% discount on an item that had been on sale the previous weekend, but was no longer on sale. She did this without seeking management approval. On the same day, she gave another customer a 10% discount on an item that was very wrinkled. This was also done without management approval. The next day, Fiedler was discharged for discounting the two items of merchandise.
The appeals referee found that Fiedler was under the assumption that she could give a discount ten days before and ten days after a sale and that she could give a 10% discount *1277 on an item that needed repair. Fiedler was never given instructions to the contrary by the employer. Previously, when Fiedler would discuss the matter with a supervisor, she was always told to please the customer. The referee also noted, however, that the employer had an unwritten policy which required the authorization of management before giving such discounts.
The appeals referee ruled that the employer did not prove by a preponderance of the evidence that Fiedler was guilty of misconduct connected with work pursuant to section 443.101(1), Florida Statutes. The UAC reversed the referee's ruling.
We conclude that there was substantial, competent evidence presented at the hearing to support the appeals referee's decision.
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (1993). Misconduct usually involves repeated violations of explicit policies after several warnings. Bulkan v. Florida Unemployment Appeals Commission, 648 So.2d 846 (Fla. 4th DCA 1995). In Johnson v. Florida Unemployment Appeals Commission, 513 So.2d 1098 (Fla. 3d DCA 1987), the court held that "a single negligent failure to ring up a sale cannot support a finding that the employee was guilty of misconduct." 513 So.2d at 1099. The two discounts for which Fiedler was discharged occurred on the same day. In addition, she was not warned after the first transaction that she was to consult with management before discounting merchandise. We conclude that Fiedler's actions in giving the discounts was not in willful or wanton disregard of her employer's interest as defined in section 443.036(26).
In Smith v. Krugman-Kadi, 547 So.2d 677 (Fla. 1st DCA 1989), review denied, 558 So.2d 20 (Fla. 1990), the claimant failed to follow office policy by disclosing a confidential memorandum, by adjusting a time card to account for lunch, and by helping to determine the overtime hours of another employee. The Smith court found that the actions were not misconduct as a matter of law. In Smith, the court reasoned that the conduct did not involve an open refusal to perform, a flaunting of authority, or a repeated failure to follow an employer's instructions, which may usually be found in cases involving misconduct. Similarly, Fiedler is not alleged to have committed any of these acts. The appeals referee found that Fiedler gave the discounts in order to please the customers and make the sales. We find that Fiedler's actions cannot be characterized as careless or negligent and of such a recurrence as to demonstrate culpability, wrongful intent, or evil design as required by section 443.036(26).
Accordingly, we reverse and remand with instructions to approve Fiedler's application for unemployment compensation, if she otherwise qualifies.
Reversed and remanded.
PARKER, A.C.J., and ALTENBERND, J., concur.