672 So.2d 37 (1996)
Amaury P. BETANCOURT, Jr., Appellant,
v.
SUN BANK MIAMI, N.A., et al., Appellees.
No. 95-1138.
District Court of Appeal of Florida, Third District.
January 17, 1996.
*38 Roger A. Bridges, Coral Gables, for appellant.
William T. Moore, Tallahassee, for appellees.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
PER CURIAM.
Amaury P. Betancourt, Jr. worked for Sun Bank for five years. According to Vice President Tom Cornish, he instructed Betancourt to close an account that Cornish had come to regard as suspicious. Betancourt failed to close the account and by error $28,000 was subsequently transferred into the account by another Sun employee. Betancourt was terminated and sought unemployment benefits. The claims adjudicator determined that he was entitled to such benefits. The bank appealed, alleging that the claimant was discharged for violation of company policy. A hearing was held but Betancourt did not receive notice of it. At the uncontested hearing, the referee heard the employer's testimony and reversed the decision of the claims adjudicator. Upon learning of this decision, Betancourt appealed to the UAC which granted rehearing. At a second hearing, the referee again found in the employer's favor. Betancourt appealed to the UAC, which affirmed the decision here under review.
Cornish testified that he had specifically told Betancourt to close the account, and had that been done, the later erroneous transfer could not have occurred. The claimant remembered only another supervisor telling him that they would consider what to do about the account after certain additional financial information had arrived. Betancourt also clarified that the account owner had subsequently returned the erroneously transferred money.
Although an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits. Nelson v. Burdines, Inc., 611 So.2d 1329, 1331 n. 1 (Fla. 3d DCA 1993); Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992). An employee may be denied benefits if the employer discharged him for "misconduct connected with his work." § 443.101(1), Fla.Stat. (1993). Under section 443.036(26), Florida Statutes (1993), "misconduct" may be:
conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation of standards of behavior which the employer has the right to expect of his employee; or carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant. Hummer v. Unemployment Appeals Comm'n, 573 So.2d 135, 137 (Fla. 5th DCA 1991). The unemployment compensation law is remedial in nature and thus its disqualification provisions must be narrowly construed. Id. A single act of insubordination can be misconduct but a single act arising out of poor judgment may not be misconduct. See Ford v. Southeast Atlantic Corp., 588 So.2d 1039 (Fla. 1st DCA 1991).
Generally, courts require more than a single instance of poor judgment to disqualify a claimant from unemployment compensation. Rosalie Pascarelli, Estate of John J. Santanello, Jr. v. Unemployment Appeals Comm'n, 664 So.2d 1089 (Fla. 5th DCA 1995). A number of decisions support this conclusion. See Santanello, Jr., supra (citing Kelley v. Pueblo Wholesale Co., 627 So.2d 534 (Fla. 3d DCA 1993)) (manager's delay in reporting a shortage at her cash register until she completed a personal investigation to determine the source of the discrepancy was not a "willful or wanton" disregard of store's interest, but at worst, poor judgment); Nelson v. Burdines, Inc., 611 So.2d at 1329 (employee's emotional reaction of destroying a company document was an isolated incident of poor judgment or a good faith error in discretion, not intentional disregard of employer's interests); Woskoff v. *39 Desta Enters., Inc., 187 So.2d 101 (Fla. 3d DCA 1966) (employee's argument with her supervisor demanding that she be paid for a holiday was not tantamount to an intentional disregard of the employer's interest, but at most poor judgment); Bulkan v. Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995) (a mechanic's failure to comply with a new policy of completing work orders for repairs was an isolated incident of poor judgment); Hubbard v. Best Termite & Pest Control, 627 So.2d 581 (Fla. 2d DCA 1993) (employee's sick day after employer refused vacation day constituted poor judgment not misconduct); Rogers v. Unemployment Appeals Comm'n, 597 So.2d 382 (Fla. 2d DCA 1992) (a pre-school teacher's leaving a classroom of children unattended while searching for one missing child was not willful or wanton disregard of the employer's interest, at most bad judgment). Because the instant factual scenario is more accurately analogous to those decisions holding a single instance of poor judgment will not disqualify the claimant from unemployment compensation, we reverse the decision of the Commission.
Having so decided, we now address the issue of fees. Betancourt seeks appellate attorney's fees under section 443.041(2)(b). This section provides for "counsel fees" for litigation at the district court of appeal level or higher, when such litigation results in increased benefits for the claimant. We agree that the claimant is entitled to the fees sought. In accord with Cheung v. Executive China Doral, Inc., 638 So.2d 82 (Fla. 3d DCA 1994), a separate order shall be issued appointing a commissioner to hear evidence, make specific findings as required by Rowe, and to render recommendations regarding attorney's fee orders. Id. at 85.
Accordingly, we reverse the order under review.