685 So.2d 874 (1996)
Edmond A. FREDDO, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Florida Sheriff's Youth Ranches, Inc., Appellees.
No. 95-02615.
District Court of Appeal of Florida, Second District.
November 6, 1996.
Appellant Pro Se.
William T. Moore, Unemployment Appeals Commission, Tallahassee, for Appellee Commission.
*875 FRANK, Judge.
The issue in this case is whether the Unemployment Appeals Commission appropriately reversed the referee's decision that Edmond A. Freddo was not discharged for misconduct. Because the Commission erroneously reweighed evidence considered by the referee, we reverse.
Freddo, a resident director at Florida Sheriff's Youth Ranches, was discharged after the employer's regional director discovered that Freddo had asked another employee, Keri Crossman, to help repair Freddo's boat while Crossman was on duty. The regional director began an investigation and unearthed other incidents of Freddo's asking co-employees or subordinates to perform what might be regarded as personal favors, including working on the boat and doing maintenance work around the residence that the employer provided for Freddo. After discussion about some other alleged conduct, including using profanity and intimidating co-workers, the regional supervisor discharged Freddo.
Following a hearing the appeals referee essentially accepted Freddo's version of the events and the interpretation of their importance. The referee found it significant that the boat Freddo kept on the Youth Ranch property had originally been used for recreation benefitting resident boys and girls. Although the referee did not specifically include in his findings the fact that the boat had been out of use for two years, having sunk in a storm and sustained damage, there is no indication that the referee overlooked that fact. The referee took into consideration the fact that staff members are on the premises 24 hours a day, leaving little time to take care of personal business. The claimant's solicitation of help from time to time was not an abuse of his authority: Freddo "asked no favors of employees other than he would have had they all lived off the premises and been neighbors." Also vital, in the referee's view, was the lack of prior warning about Freddo's conduct. Freddo had received good performance evaluations and did not know he had jeopardized his job until the day he was fired.
The UAC reversed the referee's ruling even though competent substantial evidence supported the referee's decision that Freddo's conduct did not amount to a deliberate or substantial disregard of his employer's interest. See § 443.036(26), Fla. Stat. (1995). The UAC improperly reweighed the evidence and substituted its own findings for those of the referee. See Verner v. State Unemployment Appeals Comm'n, 474 So.2d 909 (Fla. 2d DCA 1985). Even if Freddo violated company policy by asking personal favors of other employees, the claimant had no knowledge that this caused the employer any concern until the date of his discharge. Thus, his behavior, even if deliberate, constituted bad judgment rather than willful disregard of the employer's interest. "Misconduct usually involves repeated violations of explicit policies after several warnings." Fiedler v. Burdines, Inc., 654 So.2d 1276 (Fla. 2d DCA 1995); Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995). This holding is in keeping with the explicit philosophy behind the unemployment compensation law, which is remedial and must be construed narrowly in favor of the claimant. See Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37 (Fla. 3d DCA 1996).
The evidence adduced at the hearing suggests that the employer may have had good reasons to fire the claimant. Nevertheless, Freddo's actions, as the referee found, were not sufficiently egregious to deny him unemployment compensation benefits.
Reversed and remanded for reinstatement of the appellant's unemployment compensation benefits.
CAMPBELL, A.C.J., and PATTERSON, J., concur.