701 So.2d 386 (1997)
Francis BAPTISTE, Appellant,
v.
WASTE MANAGEMENT, INC., et al., Appellee.
No. 97-133.
District Court of Appeal of Florida, Third District.
November 5, 1997.
*387 Francis Baptiste, in proper person.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Commission.
Before JORGENSON, GERSTEN and GREEN, JJ.
PER CURIAM.
Francis Baptiste appeals an order of the Unemployment Appeals Commission affirming a referee's decision to deny unemployment compensation benefits. For the following reasons, we reverse.
Baptiste's employer, Waste Management, discharged Baptiste for misconduct when he left the job site without permission. Baptiste worked for Waste management for six years and was considered a good employee. However, the Unemployment Appeals Commission affirmed the referee's decision that Baptiste's actions were "misconduct" as defined by section 443.036(26), Florida Statutes (1996).
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. Id.

Baptiste's isolated error in judgment does not rise to the level of "misconduct" defined by this section. See Miller v. Barnett Bank of Broward County, 650 So.2d 1089, 1090 (Fla. 3d DCA 1995). "Although an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits." Betancourt v. Sun Bank Miami 672 So.2d 37, 38 (Fla. 3d DCA 1996); see also Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846, 848 (Fla. 4th DCA 1995).
"In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant." Betancourt, 672 So.2d at 38; see also Grossman v. J.C. Penney Co. 2071, 689 So.2d 1206, 1207 (Fla. 3d DCA 1997). "[T]he `fact that an employee is discharged for misconduct in the employer's opinion does not necessarily demonstrate the existence of misconduct contemplated by [the statute].'" Scardino v. Unemployment Appeals Comm'n, 603 So.2d 549, 551 (Fla. 1st DCA 1992) (quoting State Department of General Services v. English, 534 So.2d 726, 729 (Fla. 1st DCA 1988)).
In fact, "[m]isconduct usually involves repeated violations of explicit policies after several warnings." Freddo v. Unemployment Appeals Comm'n, 685 So.2d 874, 875 (Fla. 2d DCA 1996) (quoting Fiedler v. Burdines, Inc., 654 So.2d 1276, 1277 (Fla. 2d DCA 1995)). There is no evidence in the record to indicate that Baptiste had repeated violations of explicit policies. Moreover, there is no evidence in the record of Baptiste being given any warnings that his actions would result in his discharge. Baptiste's isolated instance of poor judgment does not disqualify him from unemployment compensation.
Reversed and remanded for further proceedings consistent with this opinion.