PER CURIAM.
The Unemployment Compensation Appeal Referee’s finding that the appellant had not resigned is supported by substantial competent evidence and, therefore, the Unemployment Appeals Commission should not have overturned/modified that portion of the Referee’s order. However, the Referee’s finding that the employer was justified in terminating the appellant on the basis of misconduct is not supported by the record. Accordingly, the appellant is entitled to receive his unemployment compensation benefits. Therefore, the holding of the Unemployment Appeals Commission is reversed. See Baptiste v. Waste Management, Inc., 701 So.2d 386 (Fla. 3d DCA 1997) (an isolated error in judgment does not constitute misconduct); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996) (“Although an employee’s actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits.”); Freddo v. Unemployment Appeals Comm’n, 685 So.2d 874 (Fla. 2d DCA 1996) (misconduct typically involves repeated violations of explicit policies after several warnings). &
Reversed.