PER CURIAM.
We reverse the Unemployment Compensation Appeals Referee’s conclusion that the appellant was discharged on the basis of misconduct connected with work. Accordingly, the appellant is entitled to receive his unemployment compensation benefits. See Coffey v. Florida Foster Care Review Project, Inc., 704 So.2d 1153 (Fla. 3d DCA 1998); Baptiste v. Waste Management, Inc., 701 So.2d 386 (Fla. 3d DCA 1997) (an isolated error in judgment does not constitute misconduct); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996) (“Although an employee’s actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits.”); Freddo v. Unemployment Appeals Comm’n, 685 So.2d 874 (Fla. 2d DCA 1996) (misconduct typically involves repeated violations of explicit policies after several warnings); Seger v. Danner Construction Co., Inc., 611 So.2d 82 (Fla. 2d DCA 1992) (failure to inform employer of absence due to illness when scheduled to work overtime constituted poor judgment but did not rise to level of misconduct).
Reversed.