707 So.2d 869 (1998)
Wayne J. ROBERTS, Appellant,
v.
B.G. DIEHL and Florida Unemployment Appeals Commission, Appellees.
No. 97-02420.
District Court of Appeal of Florida, Second District.
March 4, 1998.
*870 Wayne J. Roberts, pro se, Appellant.
William T. Moore, Tallahassee, for Appellee Unemployment Appeals Commission.
FULMER, Acting Chief Judge.
Wayne J. Roberts appeals the order of the Unemployment Appeals Commission affirming the appeals referee's decision that Roberts was discharged for misconduct connected with work and is, therefore, disqualified for benefits. We reverse because Roberts' conduct did not constitute "misconduct" as defined by the Unemployment Compensation Law.
"Misconduct" is defined in section 443.036(26), Florida Statutes (1995), as:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligation to his or her employer.
The burden of proving misconduct is on the employer. See Nading v. Sanibel Packing Co., 658 So.2d 1155 (Fla. 2d DCA 1995). In determining whether misconduct has occurred which would disqualify a claimant from receiving benefits, the statute should be liberally construed in favor of the claimant. Betancourt v. Sun Bank Miami, 672 So.2d 37 (Fla. 3d DCA 1996).
After a hearing, the appeals referee made the following findings of fact:
The claimant was employed as an aide at the assisted living facility, from July 20, 1996, through January 17, 1997. The claimant lived in New Port Richey, Florida, and the place of work was in South Pasadena County, Florida. The claimant had transportation problems and was unable to report to work on January 12, January 13, and January 14, 1997. Because the claimant had missed three days in a row, his employer informed him he was being terminated. His last day of employment was January 17, 1997.
Roberts' absences did not evidence "willful or wanton disregard of the employer's interests through ... deliberate violation of standards of behavior which the employer had a right to expect" or "wrongful intent or evil design or a substantial disregard of the employer's interests or of the employee's duties and obligations" as required by section 443.036(26), Fla. Stat. (1995). Therefore, even though the absences may justify Roberts' *871 discharge, they do not rise to the level of "misconduct" serious enough to deny him unemployment compensation benefits. See Betancourt, 672 So.2d at 38 (although an employee's actions may justify discharge, the same conduct does not necessarily preclude entitlement to unemployment benefits). Accordingly, we reverse and remand with directions to award Roberts unemployment compensation benefits.
Reversed and remanded with directions.
NORTHCUTT and GREEN, JJ., concur.