STEVENSON, Judge.
Tacher, a former manager at a Luria’s Department Store, challenges an order of the Unemployment Appeals Commission affirming the appeals referee’s decision to disqualify him from receipt of unemployment benefits on the basis of “misconduct” after he was fired for failing, on two consecutive days, to conduct the “daily inspection” of the store’s inventory of diamonds, as required by the terms of his employment. Two days after Tacher failed to inspect the diamonds, the employer discovered a diamond solitaire had been stolen and replaced with a cubic zirco-nia. We reverse.
While Tacher may have exhibited poor judgement, we find that the record does not contain competent substantial evidence to support a finding of “misconduct” as the term is defined in section 443.036(26), Florida Statutes (1997). See Bulkan v. Florida Unemployment Appeals Comm’n, 648 So.2d 846, 848 (Fla. 4th DCA 1995)(holding that a finding of misconduct under section 443.036(26) requires intentional repeated instances of misconduct or violations of explicit policies after the employee has received warnings). The statute should be narrowly construed in favor of the employee, and actions which justify discharge do not necessarily rise to the level of misconduct.
REVERSED.
TAYLOR, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.