731 So.2d 64 (1999)
Aulienne D. PHILEMY, Appellant,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Florida Unemployment Appeals Commission, Appellees.
No. 98-377.
District Court of Appeal of Florida, Third District.
March 31, 1999.
*65 Joseph Columbus Nazzaro, Miami, for appellant.
Meryl S. Gold-Levy and Rosa Armesto de Gonzalez, Miami, for appellee.
Before COPE, LEVY and SORONDO, JJ.
SORONDO, J.
Aulienne D. Philemy appeals from an order affirming the denial of benefits based upon a finding that she was discharged for misconduct connected with work.
From July 1993 until September 1996, Ms. Philemy was employed by the Department of Health and Rehabilitative Services (HRS), as a behavioral program associate at Landmark Learning Center (LLC), a residential facility for retarded persons. Ms. Philemy's primary responsibility was the care and safety of LLC residents. As part of her eight-day training upon being hired, Ms. Philemy learned how to identify abuse of residents, that all persons in her position were required to immediately report to supervisory and/or medical personnel any instances of resident abuse which they observed or suspected, that staff members were required by law to immediately report suspected abuse or neglect of residents to the Abuse Registry and that the failure to do so constituted a misdemeanor, and the procedure for reporting abuse to the Registry.
On July 13, 1996, Ms. Philemy observed bruises on the back of an LLC resident that appeared to be imprints made by a key. She was unaware of who or what caused the bruises, but knew that the resident could not have inflicted them on himself because of their nature and location. Ms. Philemy prepared a written statement concerning her observations, but failed to call the Registry. On September 26, 1996, HRS dismissed Ms. Philemy for negligence and failure to report the abuse to the Registry. Ms. Philemy appealed her dismissal to the Public Employees Relations Commission (PERC). In February 1997, a PERC hearing officer issued a recommended order finding that Ms. Philemy was properly discharged. Thereafter, PERC entered a final order adopting the hearing officer's conclusions of law and dismissed Ms. Philemy's appeal.
*66 In April 1997, Ms. Philemy applied for unemployment compensation. A claims examiner initially determined that Ms. Philemy was entitled to benefits because her discharge was for reasons other than misconduct connected with work. HRS appealed. On October 16, 1997, a hearing was conducted before an appeals referee. On November 5, 1997, the appeals referee issued a notice of decision. The referee relied on the findings of fact set forth in PERC's final order and reversed the determination of entitlement to benefits, finding that Ms. Philemy was discharged for misconduct connected with work. For the reasons which follow, we reverse.
Florida law provides that a person can be denied unemployment benefits where discharge is based upon employee misconduct connected with work. See § 443.101(1)(a), Fla. Stat. (1995); McKnight v. Florida Unemployment Appeals Comm'n, 713 So.2d 1080 (Fla. 1st DCA 1998). Section 443.036(26), Florida Statutes (1995), defines "misconduct" as follows:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
"This statute must be liberally construed in favor of claimant, and the burden of proving misconduct in connection with work is on the employer." McKnight, 713 So.2d at 1081. The fact that action by an employee may justify termination from employment does not mean that the same act necessarily constitutes misconduct which will preclude unemployment compensation benefits. See Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996). In the present case, although Ms. Philemy did not advise the Abuse Registry and her "supervisor" of the suspected abuse as she was required, she did notify a co-worker, record her observations in a log and post a note on the bulletin board recording her observations and concerns.[1] Her failure to follow the rules was unquestionably negligent on her part and justified her dismissal from her job. We cannot, however, conclude that her negligence and/or poor judgment, rise to the level defined in section 443.036(26). See Coffey v. Florida Foster Care Review Project, Inc., 704 So.2d 1153 (Fla. 3d DCA 1998); Baptiste v. Waste Management, Inc., 701 So.2d 386 (Fla. 3d DCA 1997)(an isolated error in judgment does not constitute misconduct); Freddo v. Unemployment Appeals Comm'n, 685 So.2d 874 (Fla. 2d DCA 1996)(misconduct typically involves repeated violations of explicit policies after several warnings).
Because we conclude that the record does not support a finding of "misconduct" within the meaning of section 443.036(26), we reverse the order of the Unemployment Appeals Commission and remand with instructions to reinstate the determination of the claims examiner which found that Ms. Philemy was entitled to unemployment benefits.
Reversed and remanded with instructions.
NOTES
[1] We note that her "supervisor" was, unfortunately, not available at the time she made her observations. Even more unfortunately for Ms. Philemy, the co-worker in whom she confided turned out to be the person responsible for the abuse.