831 So.2d 249 (2002)
Jale Jane SMITH, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and U.S. Postal Service, Appellees.
No. 2D01-5040.
District Court of Appeal of Florida, Second District.
November 27, 2002.
Jale Jane Smith, Tampa, pro se.
John D. Maher, Tallahassee, for Unemployment Appeals Commission.
No appearance for U.S. Postal Service.
WHATLEY, Judge.
Jale J. Smith challenges an order of the Florida Unemployment Appeals Commission (UAC), which reversed the decision of the appeals referee and denied her unemployment compensation benefits. We reverse.
Smith was employed as a casual clerk by the United States Postal Service.[1] On March 17, 2001, she was transferred to the flat sorter machine department. The referee found that although the employer has a rule which prohibits employees from wearing gloves while operating the flat sorter machine in the feeding portion of the operation, the employer did not enforce that rule.
On March 21, 2001, Smith wore gloves while operating the machine and was admonished by her supervisor for such. Smith complied with her supervisor's request and took off the gloves. On March 25, Smith was again admonished by her supervisor and was told that she would be discharged if she wore the gloves a third time. Smith again complied and took off the gloves. However, Smith was discharged later that day, even though she *250 was not again found to be wearing the gloves. The appeals referee concluded that the employer did not prove by a preponderance of substantial, competent evidence that Smith was guilty of misconduct connected with work pursuant to section 443.101(1), Florida Statutes (2001). The UAC found that the referee's conclusion was not in accord with the law and reversed the referee's ruling.
In reviewing the record, there was substantial, competent evidence presented at the hearing to support the appeals referee's decision.
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari material with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.
§ 443.036(26), Fla. Stat. (2001). "Misconduct usually involves repeated violations of explicit policies after several warnings." Fiedler v. Burdines, Inc., 654 So.2d 1276, 1277 (Fla. 2d DCA 1995). In Johnson v. Florida Unemployment Appeals Commission, 513 So.2d 1098, 1099 (Fla. 3d DCA 1987), the court held that "a single negligent failure to ring up a sale cannot support a finding that the employee was guilty of misconduct."
Here, Smith had been assigned to the flat sorter machine department for only eight days when she was discharged. Smith's supervisor admitted that there had been confusion in the department regarding whether employees could wear gloves, and she had a safety service meeting with employees to clear up the matter after Smith had been discharged. In addition, Smith complied during both incidents when she was instructed to take off her gloves. She explained that someone had told her that it was permissible to wear gloves, and in fact, two employees working with her on the machine at the time of her second reprimand were wearing gloves.
We conclude that Smith's actions in wearing the gloves were not in willful or wanton disregard of her employer's interest as defined in section 443.036(26). Further, her actions were not careless or negligent of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of her employer's interest or of Smith's duties and obligations to her employer. See Anderson v. Unemployment Appeals Comm'n, 822 So.2d 563, 566 (Fla. 5th DCA 2002) ("[C]onduct that amounts to poor judgment, such as an isolated incident of an employee's failure to follow policies and rules, is generally not considered misconduct under section 440.036(29) and is not a basis for denying benefits."); Miller v. Barnett Bank of Broward County, 650 So.2d 1089, 1090 (Fla. 3d DCA 1995) ("[A] single good faith mistake in judgment does not constitute `misconduct.' ").
Accordingly, we reverse and remand with instructions to approve Smith's application for unemployment compensation, if she otherwise qualifies.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.
NOTES
[1] As a casual worker, Smith worked a maximum 89-day appointment. Smith had worked several eighty-nine-day appointments.