WHATLEY, Judge.
Malibu Leith appeals an order of the Unemployment Appeals Commission (UAC) affirming a decision of the appeals referee. The referee found that Leith was disqualified from receiving benefits due to misconduct connected with work. We conclude that Leith’s conduct at issue was an isolated incident that did not amount to misconduct and reverse.
Misconduct is the willful or wanton disregard of an employer’s interest, such as a deliberate violation or disregard of standards of behavior which the employer has the right to expect, or “carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.” § 443.036(29), Fla. Stat. (2002). “In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant.” Donnell v. Univ. Cmty. Hosp., 705 So.2d 1031, 1032 (Fla. 2d DCA 1998). Misconduct usually involves repeated violations of explicit policies after several warnings. Bulkan v. Fla. Unemployment Appeals Comm’n, 648 So.2d 846 (Fla. 4th DCA 1995). See Johnson v. Fla. Unemployment Appeals Comm’n, 513 So.2d 1098, 1099 (Fla. 3d DCA 1987) (holding that “a single negligent failure to ring up a sale cannot support a finding that the employee was guilty of misconduct....”).
In Smith v. Krugman-Kadi, 547 So.2d 677 (Fla. 1st DCA 1989), the employee failed to follow office policy by disclosing a confidential memorandum, by adjusting a time card to account for lunch, and by helping to determine the overtime hours of another employee. The First District held that the conduct was not willful or wanton, reasoning that the conduct did not involve an open refusal to perform, a flouting of authority, or a repeated failure to follow an employer’s instructions, which may usually be found in cases of misconduct. Id. at 679.
In the present case, David Jackson, the president of New Century, testified that his company had a policy that employees were not to follow shoplifters out of the store. He testified that he informed employees, including Leith, of this policy during two meetings.[1] However, the store policies were not in writing. Regarding the incident which led to Leith’s dismissal, Leith testified that a shopper looked suspicious because he was wearing several layers of clothing. Leith asked him to leave, but the man refused. Leith testified that, although the suspect appeared to understand him, he would not speak. When Leith began to call 911, the suspect indicated that he wanted to write something to Leith. Leith gave him a scrap piece of paper and the suspect wrote that he was looking for a white jogging suit. Leith then permitted him to shop in the store but continued to watch him. When the man started to leave the store, Leith asked for the piece of paper, but the suspect refused to give it to him. Leith explained that the paper was important because it *1162 had notes from Jackson regarding how to run the store while he was on vacation and phone numbers, and Leith needed it “in order to do business in the store.” Leith testified that he followed the suspect outside and continued to ask for the paper. When Leith attempted to grab the paper from the man’s hand, he tackled Leith. Jackson testified that he was not present during the altercation but he watched a store video of the incident. He could not determine if Leith was defending himself from the suspect.
We conclude that even if Leith’s conduct in following the suspect out of the store and attempting to retrieve the paper was a failure to follow the employer’s instructions, it was an isolated incident. There was no allegation that Leith had ever violated this policy in the past. His conduct did not involve an open refusal to perform, a flouting of authority, or a repeated failure to follow his employer’s instructions. See Smith, 547 So.2d at 679. Therefore, Leith’s conduct did not constitute misconduct connected with work, and the UAC erred in affirming the referee’s determination.
Accordingly, we reverse the order of the UAC and remand with directions to award Leith unemployment compensation benefits.
ALTENBERND, C.J., and CANADY, J., Concur.

. Leith denied that Jackson told him of this store policy.